BRYAN SCHRODER
United States Attorney
District of Alaska

MARK A. NITCZYNSKI
U.S. Department of Justice – ENRD
Environmental Defense Section
999 18th Street; South Terrace; Suite 370
Denver, CO 80202
Phone: (303) 844-1498; Fax: (303) 844-1350
Email: mark.nitczynski@usdoj.gov
BRIAN UHOLIK
Environment and Natural Resources Division
4 Constitution Square
150 M Street, N.E.
EDS/4th Floor
Washington, D.C. 20002
Phone: (202) 305-0733; Fax: (202) 514-8865
Email: brian.uholik@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT ANCHORAGE

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS HLADICK, U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | CASE NO. 3:19-CV-00265-SLG |
| SALMONSTATE, *et al.*, <br><br> Plaintiffs, | CASE NO. 3:19-CV-00267-SLG |

RESPONSE TO MOTION FOR ENTRY OF SCHEDULING
ORDER - 1
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)

| | |
|---|---|
| v. | |
| CHRIS HLADICK, U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | |
| Defendants. | |
| TROUT UNLIMITED, | CASE NO. 3:19-CV-00268-SLG |
| Plaintiffs, | |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | |
| Defendants. | |

## **RESPONSE TO MOTION FOR ENTRY OF SCHEDULING ORDER**

Pursuant to the Court's Order Granting Motions to Consolidate, ECF 13, Defendants, Chris Hladick and the United States Environmental Protection Agency, provide this response to Plaintiffs' Scheduling Conference Report, and Motion for Entry of Scheduling Order "(Motion"), ECF 23. The Consolidation Order provided, *inter alia*, that "[c[ounsel for Plaintiffs . . . shall file a proposed scheduling order" by November 6, 2019, or, "[a]lternatively, the parties may file a notice that the provisions of Local Civil Rule 16.3 shall apply to this case."

A. <u>Plaintiffs' Proposed Scheduling Order</u>[1]

The Motion correctly acknowledged that Local Civil Rule 16.3 ("Administrative Agency Appeals") applies to this matter, but included an exception "as may otherwise be specifically provided in the Court's scheduling order(s)." Motion at 3. Plaintiffs asserted their view that this matter should be expedited so that the Court rules before the United States Army Corps of Engineers ("Corps") makes a decision on the pending Clean Water Act Section 404 permit application for the proposed Pebble Mine. *Id.* at 4. Specifically, Plaintiffs asserted that they "currently expect a record of decision from the Corps in May 2020." *Id.*; *see* Notice of Errata at 3. Defendants, however, are not in a position to state when the Corps will make a permit decision. Plaintiffs then proposed a scheduling order that differs from Local Civil Rule 16.3 in several important respects that would be prejudicial to Defendants.[2]

Perhaps most significantly, Plaintiffs' proposal would contradict Local Civil Rule 16.3(c)(1), which provides that a plaintiff's opening brief must be filed "not later than 30 days following the filing of the agency record or 30 days after the court's ruling on a motion to supplement the agency record, whichever is later." Plaintiffs' proposed scheduling order would require that Plaintiffs file their opening brief before any motion to supplement

---

[1] In the Motion, filed yesterday, Plaintiffs incorrectly asserted that "the Parties" – which would include Defendants – agreed or expected certain things. Motion at 4. Plaintiffs have filed a Notice of Errata to clarify that those assertions were made only on behalf of Plaintiff, ECF 24, and Defendants' positions on those issues are explained further below.

[2] The Motion also included Plaintiffs' characterizations of this case. Defendants, of course, do not necessarily agree with Plaintiffs' characterizations and reserve all of their defenses to Plaintiffs' claims and Plaintiffs' characterizations of, *inter alia*, those claims, the underlying facts, and any relief to which Plaintiffs assert they are entitled.

RESPONSE TO MOTION FOR ENTRY OF SCHEDULING
ORDER - 3
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)

(assuming that one is filed) is fully briefed, let alone decided. Motion at 5 (Plaintiffs' reply in support of a motion to supplement would be due on January 21, 2020, several days *after* Plaintiffs' opening merits brief is filed). This contradiction of the Local Civil Rules is especially problematic because it would mean that merits briefing would occur before the parties (or the Court) know whether particular documents are part of the agency record and, therefore, can be relied upon in the merits briefing. *Cf.* Local Civil Rule 16.3(b)(B) (requiring that the parties file an appendix containing copies of those portions of the agency record that are cited or otherwise relied upon by the parties in their merits briefs). By requiring that motions to supplement be decided *before* Plaintiffs file their merits briefs, the Local Civil Rules seek to avoid the confusion that would arise for the parties and the Court if the parties were to file merits brief before they know the scope of the agency record. That local framework makes good, practical sense, and should not be abandoned here.

In addition, Plaintiffs' proposed schedule unfairly would curtail the time that Defendants have to submit an opposition to a motion to supplement. *See* Motion at 5. Local Civil Rule 7.2 provides Defendants with 14 days to file that brief, but Plaintiffs' proposal would allow just seven days. Motion at 5 (requiring Defendants to file their opposition on January 14, after Plaintiffs would file their motion on January 7). Cutting short that timeframe obviously would be extremely prejudicial to Defendants. In addition, Plaintiffs' proposal selectively targets the time for Defendants to file their opposition brief without reducing the time for Plaintiffs to file their motion or their reply. *Id.* So while Plaintiffs want to expedite this potential briefing, their proposal only offers to do so by cutting short Defendants' allotted

time. Particularly under these circumstances, Plaintiffs' suggestion is obviously unfair and should be rejected.[3]

Plaintiffs' proposed schedule also would specify the time and the pages (or words) that any potential Intervenor-Defendants would be given in the merits briefing. No parties have sought to intervene. Accordingly, imposing limits on any such potential intervenors at this time would be premature and inappropriate.

B. <u>Defendants' Proposed Schedule</u>

Defendants' position is that Local Civil Rule 16.3 should apply to this case, with only minor alterations to account for the fact that there are multiple sets of Plaintiffs in one consolidated matter. While Plaintiffs may want a prompt resolution of this matter, Plaintiffs have not established that the modifications they seek to Local Civil Rule 16.3 are needed here. A proposed schedule that would apply that Rule to this matter, with only such minor alterations, is attached hereto as Attachment A. Importantly, that schedule retains the framework specified in the Local Civil Rules under which a motion to supplement would be decided before Plaintiffs file their opening merits brief, and allots Defendants the 14 days to

---

[3] Furthermore, while Plaintiffs' proposal allows additional time for Defendants to submit their responses to the Complaints (including any motion to dismiss) and the agency record, Defendants do not need that additional time, and that additional time appears only to benefit Plaintiffs—so that Plaintiffs do not need to file a motion to supplement on New Year's Eve. Motion at 3 n.1; 5. While Defendants are willing to allow reasonable extensions of time to avoid the need for Plaintiffs to prepare briefs during holidays or other problematic times, it would be far more appropriate to retain the earlier submission dates for the responses to the Complaints and the agency record, as the Local Civil Rules specify, and also provide Defendants with the time that the Local Civil Rules allot for an opposition to a motion to supplement.

RESPONSE TO MOTION FOR ENTRY OF SCHEDULING
ORDER - 5
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)

Case 3:19-cv-00265-SLG   Document 25   Filed 11/07/19   Page 5 of 14

which they are entitled for submitting their opposition to a motion to supplement (assuming that such a motion is filed).

In addition, even if the Court were to accept Plaintiffs' view that a more expedited schedule is needed, adopting Plaintiffs' proposed schedule would be prejudicial to Defendants, including for the reasons discussed above. Accordingly, attached hereto as Attachment B is an alternative schedule that would accelerate the briefing of a motion to supplement (if any) and the merits in a manner that would be less problematic for Defendants than the schedule that Plaintiffs proposed. Notably, the framework for resolving a motion to supplement before Plaintiffs file their merits brief would be retained. In addition, to help speed the process of briefing a potential motion to supplement, Defendants would file an *index* to the agency record nearly three weeks before the agency record is due, so that Plaintiffs may determine sooner whether to file a motion to supplement and, if so, commence that briefing considerably earlier than Plaintiffs proposed in their schedule (and also avoid filing any briefs during the holidays).

Respectfully submitted this 7th day of November, 2019.

  /s/  Mark A. Nitczynski
MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498; Fax: (303) 844-1350
Email: mark.nitczynski@usdoj.gov

BRIAN UHOLIK
Environment and Natural Resources Division
4 Constitution Square
150 M Street, N.E.

RESPONSE TO MOTION FOR ENTRY OF SCHEDULING
ORDER - 6
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)

EDS/4th Floor
Washington, D.C. 20002
Phone: (202) 305-0733; Fax: (202) 514-8865
Email: brian.uholik@usdoj.gov

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I filed foregoing RESPONSE TO MOTION FOR ENTRY OF SCHEDULING ORDER using the Court's CM/ECF system, which serves copies on counsel of record.

/s/ Mark A. Nitczynski

# ATTACHMENT A

| Document / Action | Proposed Deadline | Proposed Page/Word Limits |
|---|---|---|
| Defendants' Responses to Complaints [including any Motions to Dismiss] | 12/10/2019 | N/A to Answers; 35/10,000 for any Motion to Dismiss |
| Agency Record | 12/10/2019 | N/A |
| Joint Motion to Supplement/Complete Record, if any | 1/6/20[1] | 20/5,700 |
| Plaintiffs' Joint Opposition to Motions to Dismiss, if any | 1/6/20[2] | 35/10,000 |
| Defendants' Opposition to Motion to Supplement the Record, if any | 1/21/2020 | 20/5,700 |
| Defendants' Reply in Support of Motion to Dismiss, if any | 1/21/2020 | 20/5,700 |
| Plaintiffs' Joint Reply in Support of Motion to Supplement, if any | 1/28/2020 | 10/2,750 |
| Plaintiffs' Joint Opening Merits Brief [and up to a total of three supplemental briefs (one brief in each of the three cases) filed by plaintiffs] | 1/9/2020 or 21 days after the court's ruling on motion to supplement (if one is filed), whichever is later[3] | 35/10,000 for a joint brief filed on behalf of all Plaintiffs  7/2000 for optional Supplemental Merits Briefs that may be filed by Plaintiffs in each of the three actions |
| Defendants' Opposition to Plaintiffs' Opening Merits Brief(s) | 2/18/2020 or 40 days[4] after Plaintiffs' Opening | 35/10,000, plus 7/2,000 additional for each Supplemental Merits Brief |

---

[1] This date includes an extension of time so that Plaintiffs do not need to submit their brief during the holidays.

[2] This date also includes an extension of time so that Plaintiffs do not need to submit their brief during the holidays.

[3] The timeframe of 21 days after a ruling on a motion to supplement is included here to expedite this briefing even though the Local Civil Rules allow 30 days. Defendants respectfully submit that this timeframe should be adequate for Plaintiffs, especially because they are seeking to expedite the briefing and the due date would be many weeks after the agency record is submitted.

[4] Plaintiffs' proposed scheduling order also would allow 40 days for Defendants to file their merits brief, in recognition of the fact that Plaintiffs may file multiple merits briefs.

| | Merits Brief, whichever is later | |
|---|---|---|
| Plaintiffs' Joint Reply Brief | 14 days after Defendants' Opposition to Plaintiffs' Opening Merits Brief(s) | 20/5,700 if no Supplemental Merits Briefs are filed; 25/6,875 if Supplemental Merits Briefs are filed |
| Request for Oral Argument, if any | 7 days after Plaintiffs' Joint Reply Brief | N/A |
| Joint Appendix | 14 days after Plaintiffs' Joint Reply Brief | N/A |

# ATTACHMENT B

ATTACHMENT B TO RESPONSE TO MOTION FOR ENTRY OF SCHEDULING ORDER
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)

| Document / Action | Proposed Deadline | Proposed Page/Word Limits |
|---|---|---|
| Defendants' Index to Agency Record | 11/22/19 | N/A |
| Joint Motion to Supplement/Complete Record, if any | 12/6/19 | 20/5,700 |
| Defendants' Responses to Complaints [including any Motions to Dismiss] | 12/10/2019 | N/A to Answers; 35/10,000 for any Motion to Dismiss |
| Agency Record | 12/10/2019 | N/A |
| Defendants' Opposition to Motion to Supplement the Record, if any | 12/20/2020 | 20/5,700 |
| Plaintiffs' Joint Opposition to Motions to Dismiss, if any | 1/6/2020[1] | 35/10,000 |
| Plaintiffs' Joint Reply in Support of Motion to Supplement, if any | 1/6/2020[2] | 10/2,750 |
| Defendants' Reply in Support of Motion to Dismiss, if any | 1/21/2020 | 20/5,700 |
| Plaintiffs' Joint Opening Merits Brief [and up to a total of three supplemental briefs (one brief in each of the three cases) filed by plaintiffs] | 1/9/2020 or 21 days after the court's ruling on motion to supplement (if one is filed), whichever is later[3] | 35/10,000 for a joint brief filed on behalf of all Plaintiffs  7/2000 for optional Supplemental Merits Briefs that may be filed by |

---

[1] This date includes an extension of time so that Plaintiffs do not need to submit their brief during the holidays.

[2] This date also includes an extension of time so that Plaintiffs do not need to submit their brief during the holidays.

[3] The timeframe of 21 days is included here to expedite this briefing even though the Local Civil Rules allow 30 days. Defendants respectfully submit that this timeframe should be

| | | |
|---|---|---|
| | | Plaintiffs in each of the three actions |
| Defendants' Opposition to Plaintiffs' Opening Merits Brief(s) | 2/18/2020 or 40 days[4] after Plaintiffs' Opening Merits Brief, whichever is later | 35/10,000, plus 7/2,000 additional for each Supplemental Merits Brief |
| Plaintiffs' Joint Reply Brief | 14 days after Defendants' Opposition to Plaintiffs' Opening Merits Brief(s) | 20/5,700 if no Supplemental Merits Briefs are filed; 25/6,875 if Supplemental Merits Briefs are filed |
| Request for Oral Argument, if any | 7 days after Plaintiffs' Joint Reply Brief | N/A |
| Joint Appendix | 14 days after Plaintiffs' Joint Reply Brief | N/A |

---

adequate for Plaintiffs, especially because they are seeking to expedite the briefing and the due date would be many weeks after the agency record is submitted.

[4] Plaintiffs' proposed scheduling order also would allow 40 days for Defendants to file their merits brief, in recognition of the fact that Plaintiffs may file multiple merits briefs.

ATTACHMENT B TO RESPONSE TO MOTION FOR ENTRY OF SCHEDULING ORDER
CASE NO. 3:19-CV-00265-SLG (CONSOLIDATED)