KEVIN G. CLARKSON
ATTORNEY GENERAL

LAEL A. HARRISON
Assistant Attorney General
Department of Law
123 4th Street, Suite 600
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: lael.harrison@alaska.gov

*Attorney for Intervenor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.,* ) | |
| ) | Case No. 3:19-cv-00265-SLG |
| Defendants. ) | |

SALMON STATE, *et al.*, )
                                     )
       Plaintiffs, )
                                     )
v. )
                                     )
CHRIS HLADICK; U.S. )
ENVIRONMENTAL PROTECTION )
AGENCY, *et al.*, )   Case No.  3:19-cv-00267-SLG
                                     )
       Defendants. )
                                     )
TROUT UNLIMITED, )
                                     )
       Plaintiff, )
                                     )
v. )
                                     )
CHRIS HLADICK; U.S. )
ENVIRONMENTAL PROTECTION )
AGENCY, *et al.*, )
                                   )   Case No.  3:19-cv-00268-SLG
       Defendants. )

## DEFENDANT-INTERVENOR STATE OF ALASKA'S [PROPOSED] ANSWER TO PLAINTIFFS' (SALMONSTATE, ET AL.) COMPLAINT IN 3:19-cv-00267-SLG

Intervenor-defendant, the State of Alaska ("the State"), through the office of the

Attorney General, answers Plaintiffs' Complaint as follows:

### INTRODUCTION

1.     The assertions in the first sentence of Paragraph 1 describe the Plaintiffs'

claims, and thus require no response; to the extent a response is required, the State denies

the assertions. With respect to the second sentence, the State admits that the proposed

mine would develop an area within watersheds that drain into Bristol Bay; the remaining

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT    Page 2 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 2 of 26

assertions are vague and therefore denied. The State denies the assertions in the third sentence, except the State admits that the EPA withdrew its 2014 Proposed Determination in August 2019. The State denies the allegations in the fourth sentence of Paragraph 1. Any allegations in this paragraph not specifically admitted are denied.

2.      The State admits that the Bristol Bay region has ecological value. The State admits that many of the watersheds that drain into Bristol Bay provide habitat for salmon and that those salmon are important to communities in the region and the existing regional economy. The State admits that salmon are important to Alaska Native communities in the Bristol Bay region as well as to a wide array of wildlife. The State admits that there are two national park units in the region. All allegations in this paragraph not specifically admitted are denied.

3.      The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 3; therefore, the State denies those assertions.

4.      The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 4; therefore, the State denies those assertions.

5.      The State admits the assertions in Paragraph 5, with respect to the project submitted to the Army Corps of Engineers for Section 404 permitting, except that the State denies the characterization of the proposed Amakdedori port as "deep water."

6.      The assertions in Paragraph 6 are vague and therefore denied.

7.      The assertions in Paragraph 7 characterize the Clean Water Act ("CWA") which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 7 to the extent those assertions are inconsistent with the CWA or

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT    Page 3 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 3 of 26

controlling law.

8.      The assertions in Paragraph 8 characterize and quote federal regulations, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 8 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law.

9.      The assertions in Paragraph 9 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 9 to the extent those assertions are inconsistent with the notice. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements. Additionally, the State denies the characterization that the "EPA found" anything in its Proposed Determination which was a preliminary document.

10.     The State admits that the Pebble Limited Partnership ("PLP") filed lawsuits in 2014 challenging the EPA's actions and that the court issued a preliminary injunction in November 2014 in one of those lawsuits, which prevented EPA Region 10 from advancing to a Recommended Determination at that time. The State also admits that the EPA and PLP resolved that case through a settlement agreement in 2017 that included an agreement to propose to withdraw the Proposed Determination. Any allegations in this paragraph not specifically admitted are denied.

11.     The State admits the assertions in the first sentence of Paragraph 11 and denies the assertions in the second sentence of Paragraph 11.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*      3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT      Page 4 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 4 of 26

12.     The assertions in Paragraph 12 characterize and quote a Federal Register notice and a press release issued by EPA Region 10, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 12 to the extent they are inconsistent with the notice and press release. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in those documents and therefore denies any assertion regarding the accuracy of those statements.

13.     The assertions in the first two sentences of Paragraph 13 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. The State denies the assertions in these sentences to the extent they are inconsistent with the notice. The State denies the assertion in the third sentence.

14.     The assertions in the first three sentences of Paragraph 14 characterize a Federal Register notice and the Clean Water Act, which speak for themselves and are the best evidence of their content. The State denies the assertions in those sentences to the extent they are inconsistent with the notice, CWA, or controlling law. The State admits the assertions in fourth sentence of Paragraph 14.

15.     The State admits that PLP applied for a Section 404 permit from the Corps of Engineers approximately one month before EPA Region 10 issued its 2018 decision not to withdraw the 2014 Proposed Determination. The EPA's reasoning in its 2019 decision to withdraw the 2014 Proposed Determination is contained in the Federal Register notice of the withdrawal, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 15 to the extent they are inconsistent

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT          Page 5 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 5 of 26

with that notice. All allegations in this paragraph not specifically admitted are denied.

16.     The State denies the assertions in the first sentence. With respect to the second sentence, the State admits that 20 C.F.R. 231.5(e) states that the EPA's administrative record in a Section 404(c) determination shall include "[w]here possible a copy of the record of the Corps or the state pertaining to the site in question." With respect to the third sentence, the State admits that the EPA may consult with the Corps while a Proposed Determination is in place. Any allegations in these two sentences not specifically admitted are denied. The fourth sentence characterizes the content of a Federal Register notice, which speaks for itself and is the best evidence of its content; the State denies the assertions in the fourth sentence to the extent they are inconsistent with the notice.

17.     The State denies the assertions in Paragraph 17.

18.     The State denies the assertions in Paragraph 18.

## JURISDICTION AND VENUE

19.     The State denies the assertions in Paragraph 19.

20.     Without waiving the State's denial of the Plaintiffs' assertion of jurisdiction in Paragraph 19, the State admits that venue is proper in the District of Alaska. All assertions in this paragraph not specifically admitted are denied.

## PARTIES

21.     The State admits that a nonprofit corporation called "Salmonstate" was previously organized in Alaska, but notes that it was involuntarily dissolved in 2018. The State lacks knowledge or information sufficient to form a belief about the truth of the

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT          Page 6 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 6 of 26

remaining assertions in Paragraph 21; therefore, the State denies the assertions.

22.     The State admits that The Alaska Center is a nonprofit corporation organized in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 22; therefore, the State denies the assertions.

23.     The State admits that Alaska Community Action on Toxics is a nonprofit corporation organized in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 23; therefore, the State denies the assertions.

24.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 24; therefore, the State denies the assertions.

25.     The State admits that Cook Inletkeeper is a nonprofit corporation organized in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 25; therefore, the State denies the assertions.

26.     The State admits that Defenders of Wildlife is a nonprofit corporation organized in Washington D.C. and registered as a foreign nonprofit corporation in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 26; therefore, the State denies the assertions.

27.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 27; therefore, the State denies the assertions.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT    Page 7 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 7 of 26

28.     The State admits that Friends of McNeil River is a nonprofit corporation organized in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 28; therefore, the State denies the assertions.

29.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 29; therefore, the State denies the assertions.

30.     The State admits that the National Parks Conservation Association is a nonprofit corporation organized in Washington D.C. and registered as a foreign nonprofit corporation in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 30; therefore, the State denies the assertions.

31.     The State admits that National Wildlife Federation is a nonprofit corporation organized in Washington D.C. and registered as a foreign nonprofit corporation in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 31; therefore, the State denies the assertions.

32.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 32; therefore, the State denies the assertions.

33.     The State admits that the Sierra Club is a nonprofit corporation organized in California and registered as a foreign nonprofit corporation in Alaska. The State lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 33; therefore, the State denies the assertions.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT          Page 8 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 8 of 26

34.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 34; therefore, the State denies the assertions.

35.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 35; therefore, the State denies the assertions.

36.     The State denies the assertions in the first sentence. The State admits the assertions in the second sentence. The State admits the assertion in the third sentence that withdrawing the Proposed Determination removed the Proposed Determination's prohibition on issuing a Section 404 permit but denies the characterization of this action as "clearing the path for issuance of the permit and development of the mine."

37.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 37; therefore, the State denies the assertions.

38.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 38; therefore, the State denies the assertions.

39.     The State denies the assertions in Paragraph 39.

40.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 40; therefore, the State denies the assertions.

## DEFENDANTS

41.     The State admits the assertions in Paragraph 41.

42.     The State admits the assertions in the first four sentences of Paragraph 42. The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in the fifth and sixth sentences; therefore, the State denies those assertions.

43.     The State admits the assertions in Paragraph 43.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT          Page 9 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 9 of 26

44.     The assertions in Paragraph 44 characterize and quote the CWA, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 44 to the extent those assertions are inconsistent with the CWA or controlling law.

45.     The assertions in Paragraph 45 characterize the CWA, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 45 to the extent those assertions are inconsistent with the CWA or controlling law.

46.     The assertions in Paragraph 46 characterize the CWA and federal regulations, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 46 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law.

47.     The assertions in Paragraph 47 summarize federal regulations, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 47 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law.

48.     The assertions in Paragraph 48 summarize and quote the CWA, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 48 to the extent those assertions are inconsistent with the CWA or controlling law.

49.     The assertions in Paragraph 49 characterize and quote a regulation, which

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 10 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 10 of 26

speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 49 to the extent those assertions are inconsistent with the regulation, CWA, or controlling law.

50. The assertions in Paragraph 50 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 50 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law.

51. The assertions in Paragraph 51 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 51 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law.

52. The assertions in the first sentence of Paragraph 52 summarize a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in the first sentence of Paragraph 52 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law. The second sentence is vague; the State therefore denies the assertions in the second sentence.

53. The assertions in Paragraph 53 characterize a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 53 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law.

54. The assertions in Paragraph 54 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. The State denies the assertions in

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT        Page 11 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 11 of 26

Paragraph 54 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law.

55.     The assertions in the first sentence of Paragraph 55 characterize and quote regulations, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 55 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law. The State lacks knowledge or information sufficient to form a belief about the assertions in the second sentence of Paragraph 55 and therefore denies the assertions.

56.     The assertions in Paragraph 56 characterize and quote regulations, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 56 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law.

57.     The assertions in Paragraph 57 are legal conclusions that do not require a response. To the extent a response is required, the State denies the assertions.

58.     The assertions in Paragraph 58 characterize a Memorandum of Agreement ("MOA") and the CWA, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 58 to the extent those assertions are inconsistent with the MOA, the CWA, or controlling law.

59.     The assertions in Paragraph 59 characterize and quote an MOA and the CWA, which speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 59 to the extent those assertions are inconsistent with the MOA, the CWA, or controlling law.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 12 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 12 of 26

60.     The assertions in Paragraph 60 characterize and quote the Administrative Procedures Act ("APA"), which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 60 to the extent they are inconsistent with the APA or controlling law.

## FACTUAL BACKGROUND

61.     The State admits that the Pebble deposit is located in an area that hydrologically drains to the Nushagak and Kvichak Rivers that ultimately flow into Bristol Bay and that the area is largely undeveloped. The State lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 61 and therefore denies the assertions.

62.     With respect to Paragraph 62, the State admits that the Bristol Bay watershed supports a large sockeye salmon fishery and that the fishery is a significant element of the existing regional economy. The State lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 62 and therefore denies the assertions.

63.     The State admits that the fishery and wildlife of the Bristol Bay watershed are culturally and economically important to many residents and businesses in the region. Any allegations in this paragraph not specifically admitted are denied.

64.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 64 and therefore denies the assertions.

65.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 65 and therefore denies those assertions.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 13 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 13 of 26

66.     The State admits that the EPA completed a Watershed Assessment of Bristol Bay in 2014, and that the second sentence accurately quotes the Watershed Assessment. The State also admits that the Watershed Assessment was subject to two rounds of public comment. All allegations in this paragraph not specifically admitted are denied.

67.     The assertions in Paragraph 67 summarize the Watershed Assessment, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 67 to the extent they are inconsistent with the Watershed Assessment. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

68.     The assertions in Paragraph 68 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 68 to the extent they are inconsistent with the Watershed Assessment. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

69.     The assertions in Paragraph 69 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 69 to the extent they are inconsistent with the Watershed Assessment. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 14 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 14 of 26

therefore denies any assertion regarding the accuracy of those statements.

70.    The assertions in Paragraph 70 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 70 to the extent they are inconsistent with the Watershed Assessment. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

71.    The State denies the assertions in Paragraph 71.

72.    With respect to the first sentence of Paragraph 72, the State admits that the EPA issued a Proposed Determination under section 404(c) of the CWA on July 1, 2014 and that the Proposed Determination relied heavily on the Watershed Assessment. The assertions in the second sentence of Paragraph 72 characterize and quote EPA Region 10's 2014 Proposed Determination, which speaks for itself and is the best evidence of its content. The State denies the assertions in the second sentence of Paragraph 72 to the extent they are inconsistent with the Proposed Determination. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements. Additionally, the State denies the characterization that the "EPA concluded" anything in its Proposed Determination which was a preliminary document.

73.    The assertions in Paragraph 73 characterize a federal regulation which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 73 to the extent those assertions are inconsistent with the regulation, the CWA,

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 15 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 15 of 26

or controlling law

74.     The assertions in Paragraph 74 characterize and quote EPA Region 10's Proposed Determination, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 74 to the extent they are inconsistent with the Proposed Determination. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements. Additionally, the State denies the characterization that the "EPA found" anything in its Proposed Determination which was a preliminary document.

75.     The assertions in Paragraph 75 characterize and quote EPA Region 10's Proposed Determination, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 75 to the extent they are inconsistent with the Proposed Determination. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

76.     The assertions in Paragraph 76 characterize and quote EPA Region 10's Proposed Determination, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 76 to the extent they are inconsistent with the Proposed Determination. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

77.     The State denies the assertions in Paragraph 77.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 16 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 16 of 26

78.    The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 78; therefore, the State denies those assertions.

79.    The State admits the assertions in Paragraph 79.

80.    The State admits the assertions in the first sentence of Paragraph 80. The second sentence characterizes a settlement agreement which speaks for itself and is the best evidence of its content. The State denies the assertions in the second sentence of Paragraph 80 to the extent those assertions are inconsistent with the settlement agreement.

81.    The State admits the allegations in the first three sentences of Paragraph 81. With respect to the fourth sentence, the State admits that PLP agreed to the EPA's use of the Bristol Bay Watershed Assessment in the Settlement Agreement. The State denies that the Settlement Agreement affects any entities other than the signatories and denies that there are no restrictions whatsoever on the use of the Watershed Assessment.

82.    The first sentence of Paragraph 82 characterizes a settlement agreement which speaks for itself and is the best evidence of its content. The State denies the assertions in the first sentence of Paragraph 82 to the extent those assertions are inconsistent with the settlement agreement. With respect to the second sentence, the State admits that the EPA published a proposal to withdraw the Proposed Determination in the Federal Register in July of 2017. Any assertions in this paragraph not specifically admitted are denied.

83.    Paragraph 83 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 83 to

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT        Page 17 of 26
Case 3:19-cv-00265-SLG    Document 51-2    Filed 02/07/20    Page 17 of 26

the extent those assertions are inconsistent with that notice.

84.     Paragraph 84 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 84 to the extent those assertions are inconsistent with that notice.

85.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 85; therefore, the State denies those assertions.

86.     The State admits that in December of 2017, while the 2014 Proposed Determination was still in place, PLP submitted a Section 404 Permit application to the U.S. Army Corps of Engineers for a mine that would produce a total of 1.2 billion tons of material mined over the life of the mine. The second sentence of Paragraph 86 characterizes EPA Region 10's Proposed Determination. The State denies the assertions in the second sentence of Paragraph 86 to the extent those assertions are inconsistent with the Proposed Determination. All allegations in this paragraph not specifically admitted are denied.

87.     The assertions in Paragraph 87 characterize and quote an EPA News Release, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 87 to the extent those assertions are inconsistent with the release. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

88.     The assertions in Paragraph 88 characterize and quote an EPA News Release, which speaks for itself and is the best evidence of its content. The State denies

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 18 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 18 of 26

the assertions in Paragraph 82 to the extent those assertions are inconsistent with the release. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

89. The assertions in Paragraph 89 characterize and quote an EPA News Release, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 89 to the extent those assertions are inconsistent with the release. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

90. Paragraph 90 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 90 to the extent those assertions are inconsistent with that notice.

91. Paragraph 91 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 91 to the extent those assertions are inconsistent with that notice.

92. Paragraph 92 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 92 to the extent those assertions are inconsistent with that notice.

93. Paragraph 93 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 93 to the extent those assertions are inconsistent with that notice.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 19 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 19 of 26

94.     Paragraph 94 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 94 to the extent those assertions are inconsistent with that notice.

95.     Paragraph 95 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 95 to the extent those assertions are inconsistent with that notice.

96.     The State admits the allegations in Paragraph 96.

97.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 97; therefore, the State denies those assertions.

98.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 98; therefore, the State denies those assertions.

99.     The State lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 99; therefore, the State denies those assertions.

100.    The assertions in Paragraph 100 characterize and quote a letter from Governor Dunleavy to President Trump dated March 1, 2019, which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 100 to the extent those assertions are inconsistent with the letter cited.

101.    The first two sentences of Paragraph 101 characterize a memorandum which speaks for itself and is the best evidence of its content. The State denies the assertions in the first two sentences of Paragraph 101 to the extent those assertions are inconsistent with the memorandum. With respect to the third, fourth and fifth sentences, the State admits that Governor Dunleavy met with President Trump on February 26,

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT      Page 20 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 20 of 26

2019. Any remaining allegations in Paragraph 101 are denied.

102.    The first sentence of Paragraph 102 is vague and therefore denied. The State admits the second sentence of Paragraph 102. The remaining sentences purport to characterize and quote the EPA's comments on the U.S. Army Corps of Engineers draft Environmental Impact Statement. However, the quotations in the paragraph do not appear in that document and instead appear in the EPA's response to the U.S. Army Corps of Engineers Public Notice on the PLP's Section 404 permit application. The EPA's comments on the permit application speak for themselves and are the best evidence of their content. The State denies the assertions in the remaining sentences of Paragraph 102 to the extent those assertions are inconsistent with the comments cited or the EPA's comments on the PLP's Section 404 permit application. The State lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by the EPA in that document and therefore denies any assertion regarding the accuracy of those statements.

103.    Paragraph 103 purports to characterize and quote the EPA's comments on the U.S. Army Corps of Engineers draft Environmental Impact Statement. However, the quotations in the paragraph do not appear in that document and instead appear in the EPA's response to the U.S. Army Corps of Engineers Public Notice on the PLP's Section 404 permit application. Paragraph 103 also characterizes Section 404(q) of the CWA, and a Memorandum of Agreement between the EPA and the Corps. The EPA's comments on the permit application, the CWA, and the MOA speak for themselves and are the best evidence of their content. The State denies the assertions in Paragraph 103 to the extent

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT        Page 21 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 21 of 26

those assertions are inconsistent with the comments cited, the EPA's comments on the PLP's Section 404 permit application, the MOA, the CWA, or controlling law.

104.    The first sentence of Paragraph 104 is vague and therefore denied. The State admits the second sentence of Paragraph 104. The State admits that the Corps agreed to give the EPA an extension until October 24, 2019, but denies the remaining allegations in the third sentence of Paragraph 104.

105.    The State admits that the Notification of Decision to Withdraw Proposed Determination was signed July 30, 2019 and published in the Federal Register on August 30, 2019. All allegations in this paragraph not specifically admitted are denied.

106.    The assertions in Paragraph 106 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 106 to the extent those assertions are inconsistent with the notice cited.

107.    The assertions in Paragraph 107 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 107 to the extent those assertions are inconsistent with the notice cited.

108.    The assertions in Paragraph 108 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 108 to the extent those assertions are inconsistent with the notice cited.

109.    The assertions in Paragraph 109 characterize a Federal Register notice

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 22 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 22 of 26

which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 109 to the extent those assertions are inconsistent with the notice cited.

110.    The assertions in Paragraph 110 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies assertions in Paragraph 110 to the extent those assertions are inconsistent with the notice cited.

111.    The assertions in Paragraph 111 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 111 to the extent those assertions are inconsistent with the notice cited.

112.    The assertions in Paragraph 112 characterize a federal regulation which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 112 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law.

113.    The State admits the assertions in Paragraph 113.

## FIRST CLAIM

114.    The first sentence of Paragraph 114 characterizes and quotes the CWA and federal regulations which speak for themselves and are the best evidence of their content. The State denies the assertions in the first sentence of Paragraph 114 to the extent those assertions are inconsistent with the regulations, the CWA, or controlling law. The second and third sentences of Paragraph 114 characterize a Federal Register notice which speaks

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT        Page 23 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 23 of 26

for itself and is the best evidence of its content. The State denies the assertions in the second and third sentences of Paragraph 114 to the extent those assertions are inconsistent with the notice.

115.    The State denies the allegations in Paragraph 115.

116.    The assertions in Paragraph 116 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 116 to the extent those assertions are inconsistent with the notice.

117.    The first sentence of Paragraph 117 characterizes a federal regulation which speaks for itself and is the best evidence of its content. The State denies the assertions in the first sentence of Paragraph 117 to the extent those assertions are inconsistent with the regulation, the CWA, or controlling law. The assertions in the second sentence of Paragraph 117 are vague and therefore denied.

118.    The first sentence of Paragraph 118 characterizes the CWA which speaks for itself and is the best evidence of its content. The State denies the assertions in the first sentence of Paragraph 118 to the extent those assertions are inconsistent with the CWA or controlling law. The State denies the second sentence of Paragraph 118.

## SECOND CLAIM

119.    The assertions in Paragraph 119 characterize a Federal Register notice which speaks for itself and is the best evidence of its content. The State denies the assertions in Paragraph 119 to the extent those assertions are inconsistent with the notice.

120.    The State denies the allegations in Paragraph 120.

121.    The State admits that 20 C.F.R. 231.5(e) states that the EPA's

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*    3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT    Page 24 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 24 of 26

administrative record in a Section 404(c) determination shall include "[w]here possible a copy of the record of the Corps or the state pertaining to the site in question," and that the EPA's Suspension Decision acknowledges this regulation. All allegations in Paragraph 121 not specifically admitted are denied.

122. The State denies the allegations in Paragraph 122.

123. The State denies the allegations in Paragraph 123.

124. The State denies the allegations in Paragraph 124.

## REQUEST FOR RELIEF

The allegations in the remaining paragraphs of Plaintiffs' Complaint constitute a request for relief to which no response is required. To the extent a response is required, the State denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

The State denies any allegation in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

The State sets forward the following defenses to the claims asserted in the Complaint:

1. This Court lacks jurisdiction over the subject matter of Plaintiffs' claims.

2. The Complaint fails to state a claim for which relief can be granted.

3. The Plaintiffs have failed to exhaust their administrative remedies.

4. Plaintiffs' claims are not ripe for decision.

5. Some or all plaintiffs lack standing to bring the claims set out in the Complaint.

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*     3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT     Page 25 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 25 of 26

6.      Some or all of the Plaintiffs' claims are barred by collateral estoppel.

7.      Some or all of the Plaintiffs' claims are barred by laches, the statute of limitations, or are otherwise time-barred.

## PRAYER FOR RELIEF

The State of Alaska requests that this Court enter an order dismissing the Complaint with prejudice and granting such other relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

The State of Alaska reserves the right to seek to amend its Answer, including the addition of defenses, as additional information is obtained through further investigation or discovery.

DATED:  February 7, 2020.


                                        KEVIN G. CLARKSON
                                        ATTORNEY GENERAL


                                By:     /s/ Lael A. Harrison
                                        Assistant Attorney General
                                        Alaska Bar No. 0811093

*Bristol Bay Economic Dev. Corp. v. Hladick, et al.*      3:19-cv-00265-SLG (Consolidated)
SOA's PROPOSED ANSWER TO SALMONSTATE COMPLAINT      Page 26 of 26
Case 3:19-cv-00265-SLG   Document 51-2   Filed 02/07/20   Page 26 of 26