Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Phone: (206) 676-7000
jeff@summitlaw.com

Ralph H. Palumbo (*Pro Hac Vice*)
Lynn M. Engel (*Pro Hac Vice*)
YARMUTH LLP
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 516-3800
rpalumbo@yarmuth.com
lengel@yarmuth.com

*Attorneys for Bristol Bay Economic Development Corporation, Bristol Bay Native Association, Inc., and Bristol Bay Reserve Association*

Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: (907) 276-0680
mcondon@narf.org
mnewman@narf.org

*Attorneys for United Tribes of Bristol Bay*

Scott Kendall (AK Bar No. 0405019)
HOLMES, WEDDLE & BARCOTT
701 W. 8th Avenue, #700
Anchorage, AK 99501
Phone: (907) 274-0666
smkendall@hwb-law.com

*Attorney for Bristol Bay Regional Seafood Development Association, Inc.*

Brian Litmans (AK Bar No. 0111068)
Katherine Strong (AK Bar No. 1105033)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201

Anchorage, AK 99501
Phone: (907) 276-4244
Email:   blitmans@trustees.org
         kstrong@trustees.org

*Attorneys for SalmonState, Alaska Center, Alaska Community Action on Toxics, Alaska Wilderness League, Cook Inletkeeper, Defenders of Wildlife, Friends of McNeil River, McNeil River Alliance, National Parks Conservation Association, National Wildlife Federation, Sierra Club, and Wild Salmon Center*

Jacqueline M. Iwata (*Pro Hac Vice*)
Thomas D. Zimpleman (*Pro Hac Vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th Street, N.W., Suite 300
Washington, DC 20005
Phone: (202) 289-2377
Email: jiwata@nrdc.org
       tzimpleman@nrdc.org

Joel R. Reynolds (*Pro Hac Vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1314 2nd Street
Santa Monica, CA 90401
Phone: (310) 434-2300
Email:   jreynolds@nrdc.org

*Attorneys for Natural Resources Defense Council*

Thomas S. Waldo (AK Bar No. 9007047)
Erin Whalen (AK Bar No. 1508067)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
Phone: (907) 586-2751
Email:   twaldo@earthjustice.org
         ewhalen@earthjustice.org

*Attorneys for Earthworks*

Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED
3105 Lake Shore Drive, Suite 102B
Anchorage, AK 99517

Tel.: 907.277.1590
Austin.Williams@tu.org

Paul A. Werner (*Pro Hac Vice*)
Steven P. Hollman (*Pro Hac Vice*)
Abraham J. Shanedling (*Pro Hac Vice*)
Rachelle P. Bishop (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTION LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Tel.: 202.747.1900
pwerner@sheppardmullin.com
shollman@sheppardmullin.com
ashanedling@sheppardmullin.com
rbishop@sheppardmullin.com

*Attorneys for Trout Unlimited*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS HLADICK<br>U.S. Environmental Protection Agency, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00265-SLG |
| SALMONSTATE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS HLADICK,<br>U.S. Environmental Protection Agency, *et al.*, | Case No. 3:19-cv-00267-SLG |

|                              | Defendants.   |                              |
|------------------------------|---------------|------------------------------|
| TROUT UNLIMITED,             |               | Case No. 3:19-cv-00268-SLG   |
| Plaintiff,                   |               |                              |
| v.                           |               |                              |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, |  |                  |
| Defendants.                  |               |                              |

**PLAINTIFFS' JOINT MOTION TO LIFT STAY UNDER MISCELLANEOUS GENERAL ORDER NO. 20-11**

Pursuant to the Court's March 30, 2020, Miscellaneous General Order No. 20-11 (MGO 20-11), ¶ B.5, Plaintiffs move to lift the stay on this lawsuit and establish new deadlines to complete briefing on Plaintiffs' Motion for Summary Judgment. Plaintiffs' Opening and the Government's Opposition briefs already have been filed. Docs. 48 & 64. Two merits briefs remain to be filed: the State of Alaska's response and the Plaintiffs' reply. It is expected that the summary judgment motion will resolve the case. This motion is needed to obtain timely relief.

Pursuant to MGO 20-11, all civil matters are stayed for 30 days, unless otherwise ordered by the presiding judge in each specific case. MGO 20-11 at B.1. In addition to staying any hearings until after May 1, 2020, the District Court stayed all filing deadlines, pending further order of the assigned judge. *Id*. at B.5. However, "[a]ny party may seek

relief from the stay by filing a motion establishing with good cause why the stay should be lifted as to the litigant's matter." *Id*.

Here, good cause exists to lift the stay and allow the parties to proceed with and complete briefing in a timely manner, because the U.S. Army Corps of Engineers (Corps) has not slowed its schedule to issue a permit for the proposed Pebble Mine.[1] Plaintiffs seek relief before a permit is issued. As a record-based administrative appeal, this case can be briefed and decided without in-person hearings or other conferences posing a threat to public health.

EPA Defendants take no position on this motion, the briefing schedule, and oral argument, and defer to the Court's judgment on those issues. Defendant-Intervenor, the

---

[1] In late March, the Corps announced that it plans on releasing its Final Environmental Impact Statement (FEIS) in mid-June with a ROD approximately 60 days later. *See* Declaration of Wesley James Furlong in Support of Plaintiffs' Motion to Lift Stay at ¶¶ 3, 5–8, 10 (filed contemporaneously with this motion). Pursuant to the National Environmental Policy Act's implementing regulations, the Corps can issue a ROD thirty days or later from the date the FEIS is noticed in the Federal Register. 40 C.F.R. § 1506.10(b)(2).

Plaintiffs flagged the Corps' permitting schedule in their Opening Brief in Support of Motion for Summary Judgment, noting "[t]he Corps has stated that it anticipates issuing a decision on [Pebble Limited Partnership's] permit application in the fall of 2020 although it has not updated its project website." Doc. 48 at 33, *citing* Doc. 40 at 3 n.2

The Corps remains on schedule and could issue a decision as soon as mid-July, although the Corps continues to tell cooperating agencies that it will issue a decision approximately 60 days after it completes its FEIS. *See* Furlong Declaration at ¶ 8. Under this schedule, the Corps would issue its ROD in mid-August.

Pls.' Motion to Lift Stay Page 5
*Bristol Bay Economic Development Corp. v. Hladick*, Case No. 3:19-cv-00265-SLG

State of Alaska, opposes this motion. *See* Declaration of Brian Litmans in Support of Plaintiffs' Motions to Lift Stay and Expedite Consideration at ¶¶ 4–5 (filed contemporaneously with this motion). Plaintiffs also file a motion to expedite consideration of this motion contemporaneously with this motion.

Plaintiffs' sole interest in completing briefing during the stay period is to provide the Court with as much time as possible to consider the parties' briefs, hold a telephonic hearing if the Court deems it appropriate,[2] and ultimately issue a dispositive order prior to the Corps' record of decision (ROD) on Pebble Limited Partnership's (PLP) Section 404 permit application. The State of Alaska's brief was due the day after MGO 20-11 was entered, but was not filed due to the General Order. Plaintiffs request that the State be required to file its brief two days after the Court rules on this motion. Plaintiffs are prepared to file their reply brief two weeks after the State files its brief — the same period of time established in the Court's Order Re Motion to Intervene, Doc. 56.

Plaintiffs have made significant efforts to avoid delay and keep the case proceeding in a timely manner to provide this Court with time to review briefing and issue a decision prior to the Corps' issuance of a ROD. *See e.g.*, Doc. 52 at 2. Plaintiffs seek a decision from this Court prior to the Corps issuing its ROD because the Proposed

---

[2] While Plaintiffs have requested oral argument, *see* Doc. 48 at 4, Plaintiffs recognize the time and resources required to hold a hearing, and that the need to practice physical distancing is likely to extend beyond the end of April. To the extent oral argument is unhelpful to the Court, or would create undue delay, Plaintiffs do not seek oral argument.

Determination precludes the Corps from issuing a permit until EPA makes a non-arbitrary decision either to adopt final restrictions or to properly withdraw the Proposed Determination. *See* 33 C.F.R. § 323.6(b). Reinstating the Proposed Determination will ensure that the Corps would issue a permit only after EPA has lawfully completed its Section 404(c) process, and only if the agencies meaningfully address the serious concerns previously identified by EPA regarding unacceptable adverse effects.

Despite efforts to resolve this scheduling issue informally, the State has indicated that it will not agree to any deadline to file a brief during the stay. *See* Exhibit A to Litmans Declaration at 1–2. The State fails to recognize that this is one of the few types of cases that can proceed without implicating the underlying reasons for the stay. The General Order states that it weighed the right of the public and media to access the Court against the compelling interests of protecting the safety and health of the public and those in the Court. MGO 20-11 at 2. Proceeding with briefing does not pose a safety or public health risk. Plaintiffs attempted to work with the State to find an agreeable date to file their brief but the State refused. *See id.* at 1–4. Given the fact that the State's filing deadline was March 31, 2020 — just one day after the Court issued MGO 20-11— the State, as a defendant-intervenor no less, is hard pressed to show why briefing should be further delayed.

Proceeding with this case is also appropriate because it relies solely upon the administrative record and the briefs. In fact, Judge Sedgwick recently issued an order in a

Pls.' Motion to Lift Stay                                                                                                  Page 7
*Bristol Bay Economic Development Corp. v. Hladick*, Case No. 3:19-cv-00265-SLG

similar administrative case declining to follow the stay and ordering that "all established filing deadlines in this case remain in effect. . . ." *Friends of Alaska National Wildlife Refuges et al v. Bernhardt et al.*, 3:19-cv-00216-JWS (April 1, 2020), Doc. No. 47.

Because the underlying reasons for the stay are not applicable to this case, and resolution of the case does not require any in-court proceedings, there is no reason to further delay briefing. Plaintiffs respectfully request that the Court lift the stay and order the State to file its opposition to summary judgment brief by two days after granting this motion. Plaintiffs request that the Court maintain the previous schedule's period for Plaintiffs' reply, with a deadline two weeks after the State files its brief.

Respectfully submitted on this 6th day of April, 2020.

s/ Jeffrey M. Feldman
Jeffrey M. Feldman (AK Bar No. 7605029)
SUMMIT LAW GROUP PLLC

Ralph H. Palumbo (*Pro Hac Vice*)
Lynn M. Engel (*Pro Hac Vice*)
YARMUTH LLP

*Attorneys for Bristol Bay Economic Development Corporation, Bristol Bay Native Association, Inc., and Bristol Bay Reserve Association*

s/ Megan R. Condon
Megan R. Condon (AK Bar No. 1810096)
Matthew N. Newman (AK Bar No. 1305023)
NATIVE AMERICAN RIGHTS FUND

*Attorneys for United Tribes of Bristol Bay*

s/ Scott Kendall
Scott Kendall (AK Bar No. 0405019)
HOLMES, WEDDLE & BARCOTT

*Attorney for Bristol Bay Regional Seafood Development Association, Inc.*

s/ Brian Litmans
Brian Litmans (AK Bar No. 0111068)
Katherine Strong (AK Bar No. 1105033)
TRUSTEES FOR ALASKA

*Attorneys for SalmonState, Alaska Center, Alaska Community Action on Toxics, Alaska Wilderness League, Cook Inletkeeper, Defenders of Wildlife, Friends of McNeil River, McNeil River Alliance, National Parks Conservation Association, National Wildlife Federation, Sierra Club, and Wild Salmon Center*

s/ Jacqueline M. Iwata
Jacqueline M. Iwata (*Pro Hac Vice*)
Thomas D. Zimpleman (*Pro Hac Vice*)
Joel R. Reynolds (*Pro Hac Vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Natural Resources Defense Council*

s/ Thomas S. Waldo
Thomas S. Waldo (AK Bar No. 9007047)
Erin Whalen (AK Bar No. 1508067)
EARTHJUSTICE

*Attorneys for Earthworks*

s/ Austin Williams
Austin Williams (AK Bar No. 0911067)
TROUT UNLIMITED

Paul A. Werner (*Pro Hac Vice*)
Steven P. Hollman (*Pro Hac Vice*)
Abraham J. Shanedling (*Pro Hac Vice*)
Rachelle P. Bishop (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*Attorneys for Trout Unlimited*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I filed foregoing **PLAINTIFFS' MOTION TO LIFT STAY UNDER MISCELLANEOUS GENERAL ORDER NO. 20-11** using the Court's CM/ECF system, which serves copies on counsel of record.

*/s/* Brian Litmans