Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
tom@reevesamodio.com

*Of Counsel:*

Patricia B. Palacios (*pro hac vice pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No. 3:19-cv-00265-SLG ) |
| v. | ) **[PROPOSED] ANSWER** ) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| STATE OF ALASKA, | ) ) |
| Defendant-intervenor. | ) |

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 1 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 1 of 18

| | |
|---|---|
| SALMON STATE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:19-cv-00267-SLG |
| v. | ) |
| | ) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| TROUT UNLIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-00268-SLG |
| v. | ) |
| | ) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PEBBLE LIMITED PARTNERSHIP'S [PROPOSED] ANSWER TO PLAINTIFFS' (BRISTOL BAY ECNOMICS DEVELOPMENT CORP., ET AL.) COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF IN 3:19-cv-00265-SLG**

Proposed Intervenor-defendant, Pebble Limited Partnership ("PLP"), answers Plaintiffs' Complaint, Dkt. 1, as follows:

## INTRODUCTION

1. PLP admits that the Bristol Bay watershed provides habitat for salmon and that those salmon are economically and culturally important to communities in the region, including Alaska Native communities. PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 1; therefore, PLP denies the remaining assertions.

2. PLP denies the assertions in Paragraph 2.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 2 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 2 of 18

3. The assertions in Paragraph 3 describe the Plaintiffs' claims, and thus require no response. To the extent a response is required, the paragraph is denied.

4. The U.S. Environmental Protection Agency's ("EPA") Proposed Determination, described in Paragraph 4, speaks for itself.

5. The assertions in Paragraph 5 characterize and quote EPA's Proposed Determination, which speaks for itself. PLP denies the characterization that EPA "found" anything in its Proposed Determination, as it was a preliminary document.

6. The assertions in Paragraph 6 characterize and quote EPA's Proposed Determination, which speaks for itself.

7. PLP admits that there were three separate cases filed and that PLP and EPA entered into a settlement agreement in May of 2017. All assertions in this paragraph not specifically admitted are denied.

8. The assertions in Paragraph 8 characterize and quote a settlement agreement, which speaks for itself.

9. The assertions in Paragraph 9 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

10. The assertions in Paragraph 10 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

11. PLP lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 11; therefore PLP denies the assertions. The second sentence characterizes and quotes a Federal Register notice, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 3 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG Document 90 Filed 08/26/21 Page 3 of 18

12. The assertions in Paragraph 12 state Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, the paragraph is denied.

## JURISDICTION AND VENUE

13. The assertions in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, PLP denies the assertions in Paragraph 13.

14. PLP admits that venue is proper in the District of Alaska. All assertions in this paragraph not specifically admitted are denied.

## PARTIES

15. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 15; therefore, PLP denies the assertions.

16. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 16; therefore, PLP denies the assertions.

17. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 17; therefore, PLP denies the assertions.

18. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 18; therefore, PLP denies the assertions.

19. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 19; therefore, PLP denies the assertions.

20. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 20; therefore, PLP denies the assertions.

21. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 21; therefore, PLP denies the assertions.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 4 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 4 of 18

## DEFENDANTS

22. PLP denies the assertions in Paragraph 22 as no longer accurate.

23. PLP denies the assertions in Paragraph 23 as no longer accurate.

24. PLP admits the assertions in the first sentence of Paragraph 24. The assertions in the second sentence characterize the Clean Water Act ("CWA"), 33 U.S.C. §1251 *et seq.*, which speaks for itself and is the best evidence of its content.

## STATUTORY FRAMEWORK

25. The assertions in Paragraph 25 characterize and quote the CWA, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 25 to the extent those assertions are inconsistent with the CWA or controlling law.

26. The assertions in Paragraph 26 characterize and quote the CWA, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 26 to the extent those assertions are inconsistent with the CWA or controlling law.

27. The assertions in Paragraph 27 characterize and quote the CWA, which speaks for itself and is the best evidence of its content. PLP denies the assertions inParagraph 27 to the extent those assertions are inconsistent with the CWA or controlling law.

28. The assertions in Paragraph 28 characterize the CWA, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 28 to the extent those assertions are inconsistent with the CWA or controlling law.

29. The assertions in Paragraph 29 characterize federal regulations, which speak for themselves and are the best evidence of their content. PLP denies the assertions in Paragraph 29 to the extent those assertions are inconsistent with the regulations, the CWA or controlling law.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 5 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 5 of 18

30. The assertions in Paragraph 30 characterize a regulation, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 30 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

31. The assertions in Paragraph 31 characterize and quote the CWA and a regulation, which speak for themselves and are the best evidence of their content. PLP denies the assertions in Paragraph 31 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

32. The assertions in Paragraph 32 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 32 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

33. The assertions in Paragraph 33 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 33 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

34. The assertions in Paragraph 34 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 34 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

35. The assertions in Paragraph 35 characterize and quote a regulation, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 35 to the extent those assertions are inconsistent with the regulation, the CWA or controlling law.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 6 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 6 of 18

36. The assertions in the first sentence of Paragraph 36 characterize the CWA, which speaks for itself and is the best evidence of its content. The assertions in the second sentence of Paragraph 36 characterize a Memorandum of Agreement ("MOA"), which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 36 to the extent those assertions are inconsistent with the cited MOA, the CWA or controlling law.

37. The assertions in Paragraph 37 characterize and quote a MOA, which speaks for itself and is the best evidence of its content.

38. The assertions in Paragraph 38 characterize and quote the Administrative Procedures Act ("APA"), which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 38 to the extent they are inconsistent with the APA or controlling law.

39. The assertions in Paragraph 39 characterize and quote a judicial decision, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 39 to the extent they are inconsistent with the judicial decision, the APA or controlling law.

40. The assertions in Paragraph 40 characterize and quote a judicial decision, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 40 to the extent they are inconsistent with the judicial decision, the APA or controlling law.

41. The assertions in Paragraph 41 characterize and quote a judicial decision, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 41 to the extent they are inconsistent with the judicial decision, the APA or controlling law.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 7 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 7 of 18

42. The assertions in Paragraph 42 characterize and quote a judicial decision, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 42 to the extent they are inconsistent with the judicial decision, the APA or controlling law.

## FACTUAL BACKGROUND

43. PLP denies the first sentence of Paragraph 43. The document quoted in the second sentence speaks for itself.

44. PLP admits that the Bristol Bay watershed supports a large sockeye salmon fishery. PLP lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 44 and therefore denies the assertions.

45. PLP admits that some residents of the Bristol Bay region lead a subsistence lifestyle. PLP lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 45 and therefore denies the assertions.

46. PLP admits that there is an existing tourism industry in the Bristol Bay region involving outdoor recreation including sport fishing. Any remaining assertions in this paragraph not specifically admitted are denied.

47. PLP admits that petitions were filed with EPA to assert its authority under Section 404(c). PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 47 and therefore denies those assertions.

48. The assertions in Paragraph 48 characterize and quote the EPA's 2014 Bristol Bay Watershed Assessment (the "Watershed Assessment"), which speaks for itself and is the best evidence of its content.

49. The assertions in Paragraph 49 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 8 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 8 of 18

50. The assertions in Paragraph 50 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

51. The assertions in Paragraph 51 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

52. The assertions in Paragraph 52 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content.

53. The assertions in Paragraph 53 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in the Watershed Assessment, which was not a decisional document.

54. The assertions in Paragraph 54 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

55. The assertions in Paragraph 55 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "concluded" anything in its Proposed Determination, which was a preliminary document.

56. The assertions in Paragraph 56 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

57. The assertions in Paragraph 57 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 9 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 9 of 18

58. The assertions in Paragraph 58 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

59. The assertions in Paragraph 59 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

60. The assertions in Paragraph 60 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

61. The assertions in Paragraph 61 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "concluded" anything in its Proposed Determination, which was a preliminary document.

62. The assertions in Paragraph 62 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

63. The assertions in Paragraph 63 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 10 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 10 of 18

64. The assertions in Paragraph 64 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

65. The assertions in Paragraph 65 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

66. The Proposed Determination characterized and quoted in Paragraph 66 speaks for itself.

67. PLP lacks knowledge or information sufficient to form a belief about the truth or falsity of the assertions in Paragraph 67 and therefore denies the assertion.

68. The legal documents referenced in Paragraph 68 speak for themselves.

69. The assertions in Paragraph 69 characterize a judicial decision, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 69 to the extent they are inconsistent with the judicial decision or controlling law.

70. PLP admits the assertions in Paragraph 70.

71. The assertions in Paragraph 71 characterize and quote a settlement agreement, which speaks for itself and is the best evidence of its content.

72. The assertions in Paragraph 72 characterize and quote a settlement agreement, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 72 to the extent those assertions are outdated and no longer accurate.

73. Paragraph 73 includes assertions that characterize and quote the Settlement Agreement, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 11 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 11 of 18

74. PLP admits the assertions in Paragraph 74 that EPA issued a Proposed Determination and sought public comment thereon. Paragraph 74 also includes assertions that characterize the Settlement Agreement, which speaks for itself and is the best evidence of its content. PLP denies the assertions in Paragraph 74 to the extent those assertions are inconsistent with the referenced documents.

75. The assertions in Paragraph 75 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

76. The assertions in Paragraph 76 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

77. The assertions in Paragraph 77 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

78. The assertions in Paragraph 78 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

79. The assertions in Paragraph 79 summarize a Federal Register notice, whichspeaks for itself and is the best evidence of its content.

80. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 80; therefore, PLP denies those assertions.

81. The assertions in Paragraph 81 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

82. The assertions in Paragraph 82 summarize an EPA News Release, which speaks for itself and is the best evidence of its content.

83. The assertions in Paragraph 83 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 12 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 12 of 18

84. The assertions in Paragraph 84 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

85. The assertions in Paragraph 85 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

86. The assertions in Paragraph 86 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

87. The assertions in Paragraph 87 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

88. The assertions in Paragraph 88 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

89. The assertions in Paragraph 89 characterize a Federal Register notice and EPA memorandum, which speak for themselves and are the best evidence of their content.

90. The assertions in Paragraph 90 summarize an EPA memorandum, which speaks for itself and is the best evidence of its content.

91. The assertions in Paragraph 91 summarize an EPA News Release and Federal Register notice, which speak for themselves and are the best evidence of their content.

92. Paragraph 92 states Plaintiffs' legal conclusions, to which no response is required. Paragraph 92 also cites a regulation, which speaks for itself.

93. The assertions in Paragraph 93 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

94. The assertions in Paragraph 94 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 13 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 13 of 18

95. The assertions in Paragraph 95 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

96. The assertions in Paragraph 96 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

97. PLP denies the assertions in Paragraph 97.

98. The assertions in Paragraph 98 quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

99. PLP denies the assertions in Paragraph 99.

100. The assertions in Paragraph 100 summarize EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

101. The assertions in Paragraph 101 characterize PLP's 2018 Project Description, which speaks for itself.

102. The assertions in the first two sentences of Paragraph 102 summarize elements of EPA's Proposed Determination and PLP's 2018 Project Description, respectively, which speak for themselves and are the best evidence of their content. PLP denies the assertions in the first two sentences of Paragraph 102 to the extent those assertions are inconsistent with the cited documents. PLP denies the assertions in the third sentence of Paragraph 102.

103. The assertions in the first two sentences of Paragraph 103 summarize elements of EPA's Proposed Determination and the Draft EIS, respectively, which speak for themselves and are the best evidence of their content. PLP denies the assertions in the first two sentences of Paragraph 103 to the extent those assertions are inconsistent with the cited documents. PLP denies the assertions in the third sentence of Paragraph 103.

104. PLP admits the assertions in Paragraph 104.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 14 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 14 of 18

105. The assertions in Paragraph 105 characterize and quote a letter from EPA, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in that letter, which was not a decisional document.

106. The assertions in Paragraph 106 characterize and quote a letter from EPA, which speaks for itself and is the best evidence of its content.

107. The assertions in Paragraph 107 characterize and quote a letter from EPA, which speaks for itself and is the best evidence of itscontent. PLP denies the characterization that EPA "concluded" anything in that letter, which was not a decisional document.

108. The assertions in Paragraph 108 characterize and quote a letter from EPA, which speaks for itself and is the best evidence of itscontent.

109. The assertions in Paragraph 109 characterize and quote a letter from Regional Administrator Hladick, which speaks for itself and is the best evidence of itscontent.

110. The assertions in Paragraph 110 characterize and quote an MOA between the EPA and the U.S. Army Corps of Engineers, which speaks for itself and is the best evidence of its content.

111. The assertions in Paragraph 111 characterize and quote a letter from EPA General Counsel Matthew Leopold, which speaks for itself and is the best evidence of its content.

112. The assertions in Paragraph 112 characterize and quote a letter from EPA General Counsel Matthew Leopold, which speaks for itself and is the best evidence of its content.

113. The assertions in Paragraph 113 characterize and quote an undated letter from Assistant Secretary of the Army R.D. James to EPA General Counsel Matthew Leopold, which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 15 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 15 of 18

114. PLP denies the assertions in Paragraph 114 as outdated or inaccurate. The Corps' Record of Decision on the Pebble Project was issued in November 2020.

## FIRST CLAIM

115. PLP re-responds and incorporates by reference all the responses to the allegations made in all preceding paragraphs.

116. The assertions in Paragraph 116 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

117. PLP denies the assertions in Paragraph 117.

118. The regulation at 40 C.F.R. 231.5(e) speaks for itself.

119. PLP denies the assertions in Paragraph 119.

120. PLP denies the assertions in Paragraph 120.

121. EPA's 2018 decision speaks for itself.

122. PLP denies the assertions in Paragraph 122.

123. PLP admits that the 2018 decision to suspend the withdrawal was made after public notice and comment and was published in the Federal Register. Any assertions in Paragraph 123 not specifically admitted are denied.

124. PLP denies the assertions in Paragraph 124.

125. PLP denies the assertions in Paragraph 125.

126. PLP denies the assertions in Paragraph 126.

127. PLP denies the assertions in Paragraph 127.

## SECOND CLAIM

128. PLP re-responds and incorporates by reference all the responses to the allegations made in all preceding paragraphs.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 16 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 16 of 18

129. PLP denies the assertions in Paragraph 129.

130. PLP denies the assertions in Paragraph 130.

131. PLP denies the assertions in Paragraph 131.

132. PLP denies the assertions in Paragraph 132.

133. PLP denies the assertions in Paragraph 133.

134. PLP denies the assertions in Paragraph 134.

135. PLP denies the assertions in Paragraph 135.

## REQUEST FOR RELIEF

The assertion in the remaining paragraphs of Plaintiffs' Complaint constitute a request for relief to which no response is required. To the extent a response is required, PLP denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

PLP denies any allegation in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

PLP sets forward the following defenses to the claims in the Complaint:

1. This Court lacks jurisdiction over the subject matter of Plaintiffs' claims.

2. The Complaint fails to state a claim for which relief can be granted.

3. The Plaintiffs have failed to exhaust their administrative remedies.

4. Plaintiffs' claims are not ripe for decision.

5. Some or all Plaintiffs lack standing to bring the claims set out in the Complaint.

6. Some or all of the Plaintiffs' claims are barred by collateral estoppel.

7. Some or all of the Plaintiffs' claims are barred by laches, the statute of limitations, or are otherwise time-barred.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 17 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 17 of 18

## PRAYER FOR RELIEF

PLP requests that this Court enter an order dismissing the Complaint with prejudice and granting such other relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

PLP reserves the right to seek to amend its Answer, including the addition of defenses, as additional information is obtained through further investigation or discovery.

DATED: August 26, 2021

/s/ Thomas Amodio
Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7190
tom@reevesamodio.com

*Of Counsel:*

Patricia B. Palacios (*pro hac vice pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 18 of 18
PLP'S PROPOSED ANSWER TO BBEDC COMPLAINT
Case 3:19-cv-00265-SLG   Document 90   Filed 08/26/21   Page 18 of 18