Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
tom@reevesamodio.com

*Of Counsel:*

Patricia B. Palacios (*pro hac vice pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 3:19-cv-00265-SLG<br>) |
| v. | ) **[PROPOSED] ANSWER**<br>) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| v. | )<br>) |
| STATE OF ALASKA, | )<br>)<br>) |
| Defendant-intervenor. | ) |

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 1 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 1 of 17

| | |
|---|---|
| SALMON STATE, *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:19-cv-00267-SLG<br>) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| TROUT UNLIMITED, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:19-cv-00268-SLG<br>) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PEBBLE LIMITED PARTNERSHIP'S [PROPOSED] ANSWER TO PLAINTIFFS' (SALMON STATE, ET AL.) COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF IN 3:19-cv-00267-SLG**

Proposed Intervenor-defendant, Pebble Limited Partnership ("PLP"), answers Plaintiffs' Complaint as follows:

### INTRODUCTION

1. Paragraph 1 describes Plaintiffs' claims and thus requires no response. To the extent a response is required, PLP denies the assertions.

2. PLP admits that the Bristol Bay watershed has significant ecological value. PLP admits that many of the watersheds that drain into Bristol Bay provide habitat for salmon and that those salmon are important to wildlife, communities in the region, including Alaska Native communities, and the regional economy. PLP admits that there are two national

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 2 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 2 of 17

parks in the region. All allegations in this paragraph not specifically admitted are denied.

3. PLP denies the assertions in Paragraph 3.

4. PLP admits the Pebble Project would impact miles of streams and thousands of acres of wetlands, but denies that all of the impacted streams are "salmon streams." PLP denies the remaining assertions in Paragraph 4.

5. PLP admits that it seeks to construct certain infrastructure, including transportation infrastructure, as described in PLP's application for a Section 404 permit from the U.S. Army Corps of Engineers. PLP denies the assertions in Paragraph 5 to the extent those assertions are inconsistent with PLP's permit application and amendments thereto.

6. The assertions in Paragraph 6 are vague; therefore, PLP denies the assertions.

7. The assertions in Paragraph 7 characterize and quote the Clean Water Act ("CWA") which speaks for itself and is the best evidence of its content.

8. The assertions in Paragraph 8 characterize and quote federal regulations, which speak for themselves and are the best evidence of their content. PLP admits the assertions in the third sentence of Paragraph 8.

9. The assertions in Paragraph 9 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination which was a preliminary document.

10. PLP admits that it filed lawsuits regarding prior EPA decisions and actions in 2014, but the remaining allegations in the first sentence of Paragraph 10 are denied. PLP admits that EPA and PLP entered into a settlement agreement in 2017. The settlement

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 3 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 3 of 17

agreement and Proposed Determination speak for themselves and are the best evidence of their content.

11. PLP admits that it filed a permit application with the Corps in December 2017. The assertion that the application involved a project "larger" than that discussed in the Proposed Determination is vague; therefore, PLP denies the assertion.

12. The assertions in Paragraph 12 characterize and quote a Federal Register notice and a press release issued by EPA Region 10, which speak for themselves and are the best evidence of their content.

13. The assertions in the first two sentences of Paragraph 13 characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. The assertion in the third sentence is a legal conclusion that requires no response.

14. The assertions in Paragraph 14 characterize a Federal Register notice, EPA documents, and the CWA, which speak for themselves and are the best evidence of their content. PLP denies the assertions in those sentences to the extent they are inconsistent with the documents, CWA, or controlling law.

15. Paragraph 15 characterizes EPA's 2019 decision to withdraw the 2014 Proposed Determination, which speaks for itself and is the best evidence of its content. All other allegations in this paragraph are denied.

16. PLP denies the assertions in the first sentence. PLP admits that the EPA may consider Corps permit documents and consult with the Corps while a Proposed Determination is in place. The fourth sentence characterizes the content of a Federal Register notice, which speaks for itself and is the best evidence of its content.

17. PLP denies the assertions in Paragraph 17.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 4 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 4 of 17

18. Paragraph 18 describes Plaintiffs' claims and thus requires no response. To the extent a response is required, PLP denies the assertions.

## JURISDICTION AND VENUE

19. The assertions in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, PLP denies the assertions in Paragraph 19.

20. PLP admits that venue is proper in the District of Alaska. All other assertions in this paragraph are denied.

## PARTIES

21. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 21; therefore, PLP denies the assertions.

22. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 22; therefore, PLP denies the assertions.

23. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 23; therefore, PLP denies the assertions.

24. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 24; therefore, PLP denies the assertions.

25. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 25; therefore, PLP denies the assertions.

26. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 26; therefore, PLP denies the assertions.

27. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 27; therefore, PLP denies the assertions.

28. PLP lacks knowledge or information sufficient to form a belief about the truth of the

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 5 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG    Document 91    Filed 08/26/21    Page 5 of 17

assertions in Paragraph 28; therefore, PLP denies the assertions.

29. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 29; therefore, PLP denies the assertions.

30. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 30; therefore, PLP denies the assertions.

31. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 31; therefore, PLP denies the assertions.

32. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 32; therefore, PLP denies the assertions.

33. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 33; therefore, PLP denies the assertions.

34. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 34; therefore, PLP denies the assertions.

35. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 35; therefore, PLP denies the assertions.

36. PLP denies the assertions in the first sentence. PLP admits the assertions in the second sentence. PLP admits the assertion in the third sentence that withdrawing the Proposed Determination removed the Proposed Determination's prohibition on issuing a Section 404 permit but denies the characterization of this action as "clearing the path for issuance of the permit and development of the mine."

37. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 37; therefore, PLP denies the assertions.

38. The assertions in the first sentence of Paragraph 38 are vague, and PLP therefore denies

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 6 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 6 of 17

the assertions. PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 38; therefore, PLP denies the assertions.

39. PLP denies the assertions in Paragraph 39.

40. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 40; therefore, PLP denies the assertions.

## DEFENDANTS

41. PLP denies the assertions in the first sentence of Paragraph 41 as no longer accurate. PLP admits the remaining assertions.

42. PLP denies the assertions in the first sentence of Paragraph 42 as no longer accurate. PLP admits the assertions in the second and third sentences. PLP lacks sufficient information to form a belief about the truth of the remaining assertions; therefore, PLP denies the assertions.

43. PLP admits the assertions in Paragraph 43.

## STATUTORY FRAMEWORK

44. The assertions in Paragraph 44 characterize and quote the CWA, which speaks for itself and is the best evidence of its content.

45. The assertions in Paragraph 45 characterize and quote the CWA and federal regulations, which speak for themselves and are the best evidence of their content.

46. The assertions in Paragraph 46 characterize and quote the CWA and federal regulations, which speak for themselves and are the best evidence of their content.

47. The assertions in Paragraph 47 characterize federal regulations, which speaks for themselves and are the best evidence of their content.

48. The assertions in Paragraph 48 characterize the CWA and federal regulations, which

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)    Page 7 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 7 of 17

speak for themselves and are the best evidence of their content.

49. The assertions in Paragraph 49 characterize a regulation, which speaks foritself and is the best evidence of its content.

50. The assertions in Paragraph 50 characterize and quote federal regulations, which speak for themselves and are the best evidence of their content.

51. The assertions in Paragraph 51 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

52. The assertions in Paragraph 52 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

53. The assertions in Paragraph 53 characterize a regulation, which speaks for itself and is the best evidence of its content.

54. The assertions in Paragraph 54 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

55. The assertions in the first sentence of Paragraph 55 characterize and quote regulations, which speak for themselves and are the best evidence of their content. PLP lacks knowledge or information sufficient to form a belief about the assertions in the second sentence of Paragraph 55 and therefore denies the assertions.

56. The assertions in Paragraph 56 characterize and quote regulations, which speak for themselves and are the best evidence of their content.

57. The assertions in Paragraph 57 are legal conclusions that do not require a response. To the extent a response is required, PLP denies the assertions.

58. The assertions in Paragraph 58 characterize a Memorandum of Agreement ("MOA") and the CWA, which speak for themselves and are the best evidence of their content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 8 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 8 of 17

PLP denies the assertions in Paragraph 58 to the extent those assertions are inconsistent with the MOA, the CWA, or controlling law.

59. The assertions in Paragraph 59 characterize and quote an MOA and the CWA, which speak for themselves and are the best evidence of their content. PLP denies the assertions in Paragraph 59 to the extent those assertions are inconsistent with the MOA, the CWA, or controlling law.

60. The assertions in Paragraph 60 characterize and quote the Administrative Procedures Act ("APA"), which speaks for itself and is the best evidence of its content.

## FACTUAL BACKGROUND

61. PLP admits the Pebble Deposit includes gold and copper and is located in Southwest Alaska, and that some of the Deposit lies within in the Koktuli River and Nushagak River watersheds. The assertion that the entirety of the Bristol Bay watershed headwaters are "pristine and intact" is vague; PLP therefore denies the assertion. The document quoted in the last sentence speaks for itself. PLP lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 61 and therefore denies the assertions.

62. PLP admits that the Bristol Bay watershed supports a large sockeye salmon fishery, which contributes to the region's economy. PLP lacks knowledge or information sufficient to form a belief about the remaining assertions in Paragraph 62 and therefore denies the assertions.

63. PLP admits that some residents of the Bristol Bay region lead a subsistence lifestyle that includes the harvest of fish and wildlife, and that the Bristol Bay fishery supports recreation and tourism. PLP lacks knowledge or information sufficient to form a belief

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)  Page 9 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 9 of 17

about the remaining assertions in Paragraph 63 and therefore denies the assertions.

64. PLP denies the allegations in Paragraph 64.

65. PLP admits that petitions were filed with EPA to assert its authority under Section 404(c). PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 65; therefore, PLP denies those assertions.

66. The assertions in Paragraph 66 characterize and quote the EPA's 2014 Bristol Bay Watershed Assessment (the "Watershed Assessment"), which speaks for itself and is the best evidence of its content.

67. The assertions in Paragraph 67 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

68. The assertions in Paragraph 68 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

69. The assertions in Paragraph 69 characterize and quote the Watershed Assessment, which speaks for itself and is the best evidence of its content.

70. The assertions in Paragraph 70 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content.

71. PLP denies the assertions in Paragraph 71.

72. The assertions in Paragraph 72 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that the "EPA concluded" anything in its Proposed Determination which was a preliminary document.

73. PLP admits the assertions in Paragraph 73.

74. The assertions in Paragraph 74 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 10 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 10 of 17

characterization that the "EPA found" anything in its Proposed Determination which was a preliminary document.

75. The assertions in Paragraph 75 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

76. The assertions in Paragraph 76 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

77. The assertions in Paragraph 77 are denied.

78. PLP lacks sufficient knowledge to admit or deny the assertions set forth in Paragraph 78.

79. PLP admits the assertions in Paragraph 79.

80. PLP admits the assertions in the first sentence of Paragraph 80. The second sentence characterizes a settlement agreement which speaks for itself and is the best evidence of its content.

81. PLP denies the allegations in the first two sentences of Paragraph 81 as outdated and inaccurate. The third sentence is admitted. With respect to the fourth sentence, the Settlement Agreement speaks for itself.

82. The first sentence of Paragraph 82 characterizes a settlement agreement which speaks for itself and is the best evidence of its content. With respect to the second sentence, PLP admits that the EPA published a proposal to withdraw the Proposed Determination in the Federal Register in July of 2017.

83. Paragraph 83 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

84. Paragraph 84 characterizes a Federal Register notice which speaks for itself and is the

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)    Page 11 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 11 of 17

best evidence of its content.

85. PLP lacks sufficient knowledge to admit or deny the assertions set forth in Paragraph 5.

86. The documents referenced in Paragraph 86 speak for themselves.

87. The assertions in Paragraph 87 characterize and quote an EPA new release, which speaks for itself and is the best evidence of its content.

88. The assertions in Paragraph 88 characterize and quote an EPA new release, which speaks for itself and is the best evidence of its content.

89. The assertions in Paragraph 89 characterize and quote an EPA new release, which speaks for itself and is the best evidence of its content.

90. Paragraph 90 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

91. Paragraph 91 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

92. Paragraph 92 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

93. Paragraph 93 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

94. Paragraph 94 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

95. Paragraph 95 characterizes a Federal Register notice which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 12 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 12 of 17

96. PLP admits the assertions in the first sentence of Paragraph 96. The documents referenced in Paragraph 96 speak for themselves and are the best evidence of their content.

97. PLP denies the allegations in Paragraph 97.

98. PLP denies the allegations in Paragraph 98.

99. PLP denies the allegations in Paragraph 99.

100. The assertions in Paragraph 100 characterize and quote a letter from Governor Dunleavy to President Trump dated March 1, 2019, which speaks for itself and is the best evidence of its content.

101. The first two sentences of Paragraph 101 characterize a memorandum which speaks for itself and is the best evidence of its content. PLP lacks sufficient knowledge to admit or deny the assertion set forth in the third, fourth and fifth sentences. Any remaining allegations in Paragraph 101 are denied.

102. The first sentence of Paragraph 102 is vague and therefore denied. PLP admits the second sentence of Paragraph 102. The remaining sentences purport to characterize and quote the EPA's comments on the U.S. Army Corps of Engineers draft Environmental Impact Statement, which speak for themselves and are the best evidence of their content.

103. Paragraph 103 characterizes and quotes EPA comments and an MOA between the EPA and the Corps. The EPA comments and the MOA speak for themselves and are the best evidence of their content.

104. The first sentence of Paragraph 104 is vague and therefore denied. PLP admits the second sentence of Paragraph 104. PLP admits that the Corps agreed to give the EPA an extension until October 24, 2019, but denies the remaining allegations in the third

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 13 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG    Document 91    Filed 08/26/21    Page 13 of 17

sentence of Paragraph 104.

105. PLP admits that the Notification of Decision to Withdraw Proposed Determination was signed July 30, 2019 and published in the Federal Register on August 30, 2019. The regulation cited speaks for itself and is the best evidence of its content.

106. The assertions in Paragraph 106 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

107. The assertions in Paragraph 107 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

108. The assertions in Paragraph 108 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

109. The assertions in Paragraph 109 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

110. The assertions in Paragraph 110 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

111. The assertions in Paragraph 111 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

112. The assertions in Paragraph 112 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

113. PLP denies the assertion set forth in Paragraph 113 as outdated and inaccurate.

## FIRST CLAIM

114. The first sentence of Paragraph 114 characterizes and quotes the CWA and federal regulations which speak for themselves and are the best evidence of their content. The second and third sentences of Paragraph 114 are denied.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 14 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 14 of 17

115. PLP denies the allegations in Paragraph 115.

116. The assertions in Paragraph 116 characterize and quote Federal Register notices, which speak for themselves and are the best evidence of their content.

117. The first sentence of Paragraph 117 characterizes a federal regulation which speaks for itself and is the best evidence of its content. The assertions in the second sentence of Paragraph 117 are vague and therefore denied.

118. PLP denies the allegations of Paragraph 118.

## SECOND CLAIM

119. The assertions in Paragraph 119 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

120. PLP denies the assertions in Paragraph 120.

121. The documents cited in Paragraph 121 speak for themselves and are the best evidence of their content. PLP denies the remaining assertions in Paragraph 121.

122. PLP denies the assertions in Paragraph 122.

123. PLP denies the assertions in Paragraph 123.

124. PLP denies the assertions in Paragraph 124.

## REQUEST FOR RELIEF

The assertion in the remaining paragraphs of Plaintiffs' Complaint constitute a request for relief to which no response is required. To the extent a response is required, PLP denies that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

PLP denies any allegation in the Complaint not specifically admitted above.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 15 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 15 of 17

## AFFIRMATIVE DEFENSES

PLP sets forward the following defenses to the claims asserted in the Complaint:

1. This Court lacks jurisdiction over the subject matter of Plaintiffs' claims.

2. The Complaint fails to state a claim for which relief can be granted.

3. Plaintiffs' claims are not ripe for decision.

4. Some or all of Plaintiffs lack standing to bring the claims set out in the Complaint.

5. Some or all of the Plaintiffs' claims are barred by collateral estoppel.

6. Some or all of the Plaintiffs' claims are barred by laches, the statute of limitations, or are otherwise time-barred.

## PRAYER FOR RELIEF

PLP requests that this Court deny Plaintiffs' claims and uphold EPA's Withdrawal Decision.

## RESERVATION OF RIGHTS

PLP reserves the right to seek to amend its Answer, including theaddition of defenses.

DATED: August 26, 2021

/s/ Thomas Amodio
Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7190
tom@reevesamodio.com

*Of Counsel:*

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 16 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 16 of 17

Patricia B. Palacios (*pro hac vice pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 17 of 17
PLP'S PROPOSED ANSWER TO SALMON STATE COMPLAINT
Case 3:19-cv-00265-SLG   Document 91   Filed 08/26/21   Page 17 of 17