Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
tom@reevesamodio.com

*Of Counsel:*

Patricia B. Palacios (*pro hac pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No. 3:19-cv-00265-SLG ) |
| v. | ) **[PROPOSED] ANSWER** ) |
| CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| STATE OF ALASKA, | ) ) |
| Defendant-intervenor. | ) |

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 1 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 1 of 20

| | |
|---|---|
| SALMON STATE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants, | Case No. 3:19-cv-00267-SLG |
| TROUT UNLIMITED<br><br>Plaintiff,<br><br>v.<br><br>CHRIS HLADICK; U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendant, | Case No. 3:19-cv-00268-SLG |

**PEBBLE LIMITED PARTNERSHIP'S [PROPOSED] ANSWER TO PLAINTIFF'S (TROUT UNLIMITED) COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF IN 3:19-cv-00268-SLG**

Proposed Intervenor-defendant, Pebble Limited Partnership ("PLP"), answers Plaintiff Trout Unlimited's Complaint as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 describes Plaintiff's claims and thus requires no response. To the extent a response is required, PLP denies the assertions.

2. PLP admits that many of the watersheds that drain into Bristol Bay provide habitat for salmon and that those salmon are important to communities in the area, including Alaska Natives, and that the salmon support other wildlife as well as Alaska Native

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)  Page 2 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 2 of 20

subsistence, recreational and commercial fishing. PLP denies that the entire Bristol Bay watershed is "pristine." All assertions in this paragraph not specifically admitted are denied.

3. PLP admits that PLP is owned by Northern Dynasty Minerals (NDM) and that NDM is a Canadian Corporation. PLP admits that PLP is seeking to develop the Pebble Deposit to extract minerals that include gold, copper and molybdenum. PLP denies the remaining assertions in Paragraph 3.

4. PLP denies the assertions in the first sentence of Paragraph 4. The assertions in the remaining sentences of Paragraph 4 are vague; therefore, PLP denies the assertions.

5. PLP admits that EPA issued a Proposed Determination in 2014. PLP denies the remaining assertions in Paragraph 5.

6. Paragraph 6 characterizes and quotes EPA's Proposed Determination, which speaks for itself. PLP denies the characterization that EPA "found" anything in its Proposed Determination, as it was a preliminary document. PLP denies that EPA "reached a determination," "[took] action," or "concluded" anything in its Proposed Determination, which was a preliminary document.

7. PLP denies the assertions in Paragraph 7.

8. The assertions in Paragraph 8 characterize EPA's 2014 Watershed Assessment, which speaks for itself and is the best evidence of its content. PLP denies that the Watershed Assessment was based solely on science.

9. The assertions in Paragraph 9 characterize EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

10. PLP admits that between 2014 and 2018 there was a change of presidential

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)  Page 3 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 3 of 20

administration and that in 2018 Scott Pruitt was the EPA Administrator. With respect to the remaining assertions, the "suspension decision" and the quotes from then-EPA Administrator Pruitt speak for themselves and are the best evidence of their content.

11. The EPA Comments characterized and quoted in Paragraph 11 speak for themselves and are the best evidence of their content.

12. PLP admits that EPA withdrew its 2014 Proposed Determination in a notice published on August 30, 2019. All other assertions in Paragraph 12 are denied.

13. PLP denies the assertions in Paragraph 13.

14. Paragraph 14 characterizes and quotes EPA's Notice of Withdrawal, which speaks for itself.

15. PLP denies the assertions in Paragraph 15.

16. The quotation contained in the first sentence of Paragraph 16 is taken from the Notice of Withdrawal, which speaks for itself. The remaining assertions in Paragraph 16 are denied.

17. PLP denies the assertions in Paragraph 17.

18. PLP denies the assertions in Paragraph 18.

19. The quotation from the Suspension Decision contained in the fourth sentence of Paragraph 19 speaks for itself. PLP denies the remaining assertions in Paragraph 19.

20. PLP denies the assertions in Paragraph 20.

21. PLP denies the assertions in Paragraph 21.

22. PLP denies the assertions in the first sentence of Paragraph 22. The assertions in the second sentence of Paragraph 22 describe the Plaintiff's claims and thus require no response; to the extent a response is required, PLP denies the assertions.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 4 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 4 of 20

## PARTIES

### Plaintiff

23. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 23; therefore, PLP denies the assertions.

24. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 24; therefore, PLP denies the assertions.

25. PLP admits that TU has participated in past administrative proceedings before agencies regarding the Pebble Mine. PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 25; therefore, PLP denies the assertions.

26. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 26; therefore, PLP denies the assertions.

27. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 27; therefore, PLP denies the assertions.

28. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in the first and third sentences of Paragraph 28; therefore, PLP denies the assertions. PLP admits the assertions in the second sentence that EPA's Withdrawal Decision removed a legal obstacle to the permitting of the mine.

### Defendants

29. PLP admits that EPA is an executive agency of the United States. The EPA webpage quoted in Paragraph 29 speaks for itself.

30. PLP admits that Andrew Wheeler was the Administrator of EPA at the time the complaint was filed, that was sued in his official capacity, and that he had recused

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 5 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG    Document 92    Filed 08/26/21    Page 5 of 20

himself from matters involving the Pebble Deposit. The EPA Memorandum cited and characterized in Paragraph 30 speaks for itself.

31. PLP admits that Matthew Leopold was General Counsel of EPA at the time the complaint was filed, and that he was sued in his official capacity. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in the second sentence of Paragraph 31; therefore, PLP denies the assertions regarding the extent of the delegation.

32. PLP admits that Chris Hladick was the Region 10 Regional Administrator at the time the complaint was filed and that he was sued in in his official capacity. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in the second and third sentences of Paragraph 32; therefore, PLP denies the assertions. The document cited speaks for itself.

## JURISDICTION

33. The assertions in Paragraph 33 are legal conclusions for which no response is required.

34. PLP admits that venue is proper in this Court.

35. PLP admits the assertions in Paragraph 35 that this Court is empowered to grant such relief.

## STATUTORY & REGULATORY BACKGROUND

36. The assertions in Paragraph 36 characterize and quote the CWA, which speaks for itself and is the best evidence of its content.

37. The assertions in Paragraph 37 characterize and quote the CWA, which speaks for itself and is the best evidence of its content.

38. The assertions in Paragraph 38 characterize the CWA and implementing regulations,

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)  Page 6 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 6 of 20

which speaks for themselves and are the best evidence of their content.

39. The assertions in Paragraph 39 characterize and quote the CWA regulations, which speak for themselves and are the best evidence of their content.

40. The assertions in Paragraph 40 characterize the CWA, which speaks for itself and is the best evidence of its content.

41. The assertions in Paragraph 41 characterize and quote regulations, which speak for themselves and are the best evidence of their content.

42. The assertions in Paragraph 42 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

43. The assertions in Paragraph 43 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

44. The assertions in Paragraph 44 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

45. The assertions in Paragraph 45 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

46. The assertions in Paragraph 46 characterize a regulation, which speaks for itself and is the best evidence of its content.

47. The assertions in Paragraph 47 characterize and quote a regulation, which speaks for itself and is the best evidence of its content.

48. The assertions in Paragraph 48 characterize and quote a Federal Register document, which speaks for itself and is the best evidence of its content.

49. The assertions in Paragraph 49 characterize and quote the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 7 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 7 of 20

50. The assertions in Paragraph 50 characterize and quote the APA, which speaks for itself and is the best evidence of its content.

## FACTUAL BACKGROUND

51. PLP admits the first and second sentences of Paragraph 51. With respect to the third sentence of Paragraph 51, PLP admits that the Bristol Bay watershed contains the three parks listed but denies that the watershed is "nestled between" those parks. PLP admits the watershed includes Lake Iliamna and volcanoes. Any assertions not specifically admitted in Paragraph 51 are denied.

52. Paragraph 52 quotes and includes a map from EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

53. PLP admits that Bristol Bay salmon are important to the region's economy, culture, and surrounding communities. However, the term "lifeblood" is vague and is therefore denied. The document quoted in Paragraph 53 speaks for itself and is the best evidence of its content. PLP denies the characterization that the "evidence of record established" or "the EPA correctly found." PLP lacks knowledge or information sufficient to form a belief about the truth or falsity of the statements made by EPA in the Proposed Decision and therefore denies any assertion regarding the accuracy of that quotation.

54. PLP admits the first sentence of Paragraph 54. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in the second sentence of Paragraph 54; therefore PLP denies those assertions. The third sentence of paragraph 54 characterizes and quotes EPA's Proposed Decision which speaks for itself and is the best evidence of its content.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 8 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 8 of 20

55. PLP admits that Bristol Bay is a valuable wild-caught salmon fishery. PLP lacks knowledge or information sufficient to form a belief about the truth of the "world's largest" assertion in the first sentence of Paragraph 55; therefore, PLP denies the assertion. The documents cited for in the second and third sentences speak for themselves and are the best evidence of their content. The last sentence in Paragraph 55 characterizes and quotes the Proposed Determination, which speaks for itself and is the best evidence of its content.

56. PLP admits that Native Alaskans have a long history in the Bristol Bay region and rely on the natural resources of the area to support their traditional way of life, including subsistence activities. PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 56; therefore, PLP denies those assertions.

57. PLP admits the first sentence of Paragraph 57. The documents quoted and cited speak for themselves. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 57 and therefore denies those assertions.

58. PLP admits the assertions in Paragraph 58, with the qualification that the deposit is located in an area that hydrologically drains to the Nushagak and Kvichak Rivers that ultimately flow into Bristol Bay.

59. PLP admits that mining of the Pebble Deposit has been considered for many years, and that there has been both support and opposition voiced regarding the mine. PLP admits that some companies have chosen not to invest or have changed their investment plans, but denies that the project has been "abandoned" by four major mining companies. The cited documents speak for themselves.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 9 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 9 of 20

60. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 60; therefore, PLP denies those assertions. The cited document speaks for itself and is the best evidence of its content.

61. The document characterized and quoted in Paragraph 61 speaks for itself.

62. PLP admits that it is owned by NDM, which is a Canadian corporation, and that PLP is seeking to mine the Pebble deposit. PLP admits that it also seeks to construct certain infrastructure, as described in PLP's application for a Section 404 permit from the U.S. Army Corps of Engineers. PLP denies the assertions in Paragraph 62 to the extent those assertions are inconsistent with PLP's application and amendments thereto.

63. The assertions in the first sentence of Paragraph 63 are vague; therefore, PLP denies the assertions. PLP denies that the quote in the second sentence reflects "PLP's ultimate goal." With respect to the remaining allegations, the quoted language appears in EPA Region 10's 2014 Proposed Determination, which speaks for itself and is the best evidence of its content.

64. The assertions in Paragraph 64 characterize and quote SEC filings and the Watershed Assessment, which speak for themselves and are the best evidence of their content.

65. PLP admits that petitions were filed with EPA to assert its authority under Section 404(c). PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 65; therefore, PLP denies those assertions.

66. The assertions in Paragraph 66 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content.

67. The assertions in Paragraph 67 characterize the Watershed Assessment, which speaks

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 10 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 10 of 20

for itself and is the best evidence of its content.

68. The assertions in Paragraph 68 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content.

69. The assertions in Paragraph 69 characterize the Watershed Assessment, which speaks for itself and is the best evidence of its content.

70. The assertions in Paragraph 70 are vague; therefore, PLP denies the assertions. To the extent the assertions characterize the Watershed Assessment, the document speaks for itself.

71. The first sentence of Paragraph 71 characterizes and quotes the Watershed Assessment which speaks for itself and is the best evidence of its content. PLP lacks knowledge or information sufficient to form a belief about the truth of the remaining assertions in Paragraph 71; therefore, PLP denies those assertions.

72. The letter cited and quoted in Paragraph 72 speaks for itself and is the best evidence of its content.

73. The assertions in Paragraph 73 characterize and quote an EPA Press Release, which speaks for itself and is the best evidence of its content.

74. PLP admits that EPA issued a Section 404(c) Proposed Determination regarding the Pebble deposit area in July of 2014. PLP lacks knowledge or information sufficient to form a belief about the truth of the remainder of the assertions in Paragraph 74; therefore, PLP denies those assertions.

75. The assertions in Paragraph 75 characterize and quote the Proposed Determination, which speaks for itself and is the best evidence of its content.

76. The assertions in Paragraph 76 characterize and quote the Proposed Determination,

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 11 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 11 of 20

which speaks for itself and is the best evidence of its content.

77. The assertions in Paragraph 77 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

78. The assertions in Paragraph 78 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "found" anything in its Proposed Determination, which was a preliminary document.

79. The assertions in Paragraph 79 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

80. The assertions in Paragraph 80 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

81. The Proposed Determination characterized and quoted in Paragraph 81 speaks for itself.

82. The assertions in Paragraph 82 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

83. The assertions in Paragraph 83 characterize and quote EPA's Proposed Determination, which speaks for itself and is the best evidence of its content.

84. PLP admits that it filed legal challenges against EPA in 2014. The legal documents referenced in Paragraph 84 speak for themselves.

85. The assertions in Paragraph 85 characterize legal filings, which speaks for themselves and are the best evidence of their content.

86. PLP admits that it entered into a settlement agreement with EPA in May 2017. The assertions in Paragraph 86 characterize and quote the Settlement Agreement, which

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 12 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 12 of 20

speaks for itself and is the best evidence of its content.

87. The assertions in Paragraph 87 characterize and quote a Federal Register document, which speaks for itself and is the best evidence of its content.

88. The assertions in Paragraph 88 characterize and quote a Federal Register document and EPA press release, which speaks for themselves and are the best evidence of their content.

89. Paragraph 89 includes assertions that characterize and quote a Federal Register document, which speaks for itself and is the best evidence of its content.

90. Paragraph 90 characterizes and quotes an EPA Press Release, which speaks for itself and is the best evidence of its content.

91. The assertions in Paragraph 91 characterize and quote an EPA Press Release, which speaks for itself and is the best evidence of its content.

92. PLP admits that it submitted a permit application to the Army Corps in December 2017. The phrase "in parallel to EPA's Section 404(c) process" is vague; therefore, PLP denies the assertion.

93. The assertions in Paragraph 93 include vague phrases, such as "much larger" and "much more"; therefore, PLP denies the assertions.

94. The assertions in Paragraph 94 characterize a document which speaks for itself and is the best evidence of its content.

95. PLP admits the assertions in Paragraph 95.

96. PLP admits that the Corps issued a Draft EIS pursuant to NEPA in February 2019 as part of the permitting process.

97. The assertions in Paragraph 97 characterize and quote EPA comments or

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 13 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 13 of 20

correspondence, which speak for themselves and are the best evidence of their content.

98. The assertions in Paragraph 98 characterize and quote EPA comments or correspondence, which speak for themselves and are the best evidence of their content.

99. PLP admits that EPA issued a letter under 3(a) of the 404(q) process, but denies that the EPA letter referenced in Paragraph 99 "elevated" the permit review. The EPA letter and MOA referenced in Paragraph 99 speaks for themselves and are the best evidence of their content

100. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 100; therefore PLP denies those assertions.

101. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 101; therefore PLP denies those assertions.

102. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 102, therefore PLP denies the assertions. The disclosure reports characterized and cited in the second sentence of Paragraph 102 speak for themselves and are the best evidence of their content.

103. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 103 and therefore denies those assertions. The documents characterized and quoted in Paragraph 103 speak for themselves and are the best evidence of their content.

104. The assertions in Paragraph 104 characterize and quote a letter from Governor Dunleavy to President Trump dated March 1, 2019, which speaks for itself and is the best evidence of its content.

105. The assertions in Paragraph 105 characterize and quote a letter from Governor Dunleavy

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 14 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 14 of 20

to Mr. Randy Smallwood dated July 30, 2019, which speaks for itself and is the best evidence of its content. The phrase "ties to PLP" is vague; therefore PLP denies the allegation in the first sentence.

106. The assertions in Paragraph 106 characterize and quote a memo from General Counsel Matthew Leopold released on June 26, 2019, which speaks for itself and is the best evidence of its content.

107. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 107; therefore, PLP denies those assertions.

108. PLP lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 108; therefore, PLP denies those assertions.

109. The assertions in Paragraph 109 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

110. The assertions in Paragraph 110 characterize a Federal Register notice which speaks for itself and is the best evidence of its content.

111. The assertions in Paragraph 111 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content.

112. PLP denies the assertions in Paragraph 112.

113. The assertions in Paragraph 113 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content.

114. The assertions in Paragraph 114 characterize and quote two Federal Register notices and a federal regulation, which speak for themselves and are the best evidence of their content.

115. PLP denies the assertions in Paragraph 115 other than the quote from the Suspension

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 15 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 15 of 20

Decision, which speaks for itself.

116. The assertions in Paragraph 116 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content.

117. The assertions in Paragraph 117 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content.

118. The assertions in Paragraph 118 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content.

119. PLP denies the assertions in Paragraph 119.

120. Paragraph 120 characterizes and quotes an EPA letter that speaks for itself and is the best evidence of its content. PLP denies the characterization that EPA "concluded" anything in the letter.

121. PLP denies the assertions in Paragraph 121.

122. PLP denies the assertions in Paragraph 122.

123. PLP denies the assertions in Paragraph 123.

124. PLP denies the assertions in the first sentence of Paragraph 124. The second and third sentences of paragraph 124 characterize and quote federal regulations and a 2018 Federal Register notice which speak for themselves and are the best evidence of their content.

125. The assertions in Paragraph 125 characterize the Withdrawal Decision, which speaks for itself. PLP denies the assertions in Paragraph 125 to the extent those assertions are inconsistent with the document cited.

126. The assertions in Paragraph 126 characterize the Withdrawal Decision, which speaks for itself. PLP denies the assertions in Paragraph 126 to the extent those assertions are

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 16 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG    Document 92    Filed 08/26/21    Page 16 of 20

inconsistent with the document cited.

127. The assertions in the first sentence of Paragraph 127 characterize and quote a Federal Register notice which speaks for itself and is the best evidence of its content. PLP denies the assertions in the first sentence Paragraph 127 to the extent those assertions are inconsistent with the notice cited. PLP denies the assertions in the second and third sentences of Paragraph 127.

128. PLP denies the assertions in Paragraph 128.

## FIRST CLAIM

129. PLP re-responds and incorporates by reference all the responses to the allegations made in all preceding paragraphs.

130. The assertions in Paragraph 130 characterize and quote a Federal Register notice, which speaks for itself and is the best evidence of its content.

131. The assertion in Paragraph 131 is a legal conclusion that requires no response.

132. The quoted Withdrawal Decision speaks for itself.

133. PLP denies the assertions in Paragraph 133.

134. PLP denies the assertions in Paragraph 134.

135. PLP denies the assertions in Paragraph 135.

136. PLP denies the assertions in Paragraph 136.

137. PLP denies the assertions in Paragraph 137.

138. PLP denies the assertions in Paragraph 138.

139. PLP denies the assertions in Paragraph 139.

140. PLP denies the assertions in Paragraph 140.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 17 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 17 of 20

## SECOND CLAIM

141. PLP re-responds and incorporates by reference all the responses to the allegations made in all preceding paragraphs.

142. The assertions in Paragraph 142 characterize the CWA which speaks for itself and is the best evidence of its content.

143. The assertions in Paragraph 143 characterize federal regulations and the CWA which speak for themselves and are the best evidence of their content.

144. The assertions in Paragraph 144 characterize federal regulations which speak for themselves and are the best evidence of their content.

145. PLP denies the assertions in Paragraph 145.

146. PLP denies the assertions in Paragraph 146.

147. PLP denies the assertions in Paragraph 147.

148. PLP denies the assertions in Paragraph 148.

149. PLP denies the assertions in Paragraph 149.

150. PLP denies the assertions in Paragraph 150.

151. PLP denies the assertions in Paragraph 151.

152. PLP denies the assertions in Paragraph 152.

## PRAYER

The assertion in the remaining paragraphs of Plaintiff's Complaint constitute a request for relief to which no response is required. To the extent a response is required, PLP denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

PLP denies any allegation in the Complaint not specifically admitted above.

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)     Page 18 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 18 of 20

## AFFIRMATIVE DEFENSES

PLP sets forward the following defenses to the claims in the Complaint:

1. This Court lacks jurisdiction over the subject matter of Plaintiff's claims.

2. The Complaint fails to state a claim for which relief can be granted.

3. Plaintiff has failed to exhaust its administrative remedies.

4. Plaintiff's claims are not ripe for decision.

5. Plaintiff lacks standing to bring the claims set out in the Complaint.

6. Some or all of the Plaintiff's claims are barred by collateral estoppel.

7. Some or all of the Plaintiff's claims are barred by laches, the statute of limitations, or are otherwise time-barred.

## PRAYER FOR RELIEF

PLP requests that this Court enter an order dismissing the Complaint with prejudice and granting such other relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

PLP reserves the right to seek to amend its Answer, including the addition of defenses, as additional information is obtained.

DATED: August 26, 2021

/s/ Thomas Amodio
Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7190
tom@reevesamodio.com

*Of Counsel:*

Patricia B. Palacios (*pro hac pending*)
Cynthia L. Taub (*pro hac vice pending*)
STEPTOE & JOHNSON LLP

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated)   Page 19 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT

Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 19 of 20

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
ppalacios@steptoe.com
ctaub@steptoe.com

*Attorneys for Intervenor Pebble Limited Partnership*

*Bristol Bay Economic Dev. Corp. v. Hladick*, 3:19-cv-00265-SLG (consolidated) Page 20 of 20
PLP'S PROPOSED ANSWER TO TROUT UNLIMITED COMPLAINT
Case 3:19-cv-00265-SLG   Document 92   Filed 08/26/21   Page 20 of 20