TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

BRYAN WILSON
Acting United States Attorney
District of Alaska

MARK A. NITCZYNSKI
U.S. Department of Justice – ENRD
Environmental Defense Section
999 18th Street; South Terrace; Suite 370
Denver, CO 80202
Phone: (303) 844-1498; Fax: (303) 844-1350
Email: mark.nitczynski@usdoj.gov

BRIAN UHOLIK
United States Department of Justice - ENRD
Environmental Defense Section
4 Constitution Square
150 M Street, N.E.
EDS/4th Floor
Washington, D.C. 20002
Phone: (202) 305-0733; Fax: (202) 514-8865
Email: brian.uholik@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT ANCHORAGE

| | |
|---|---|
| BRISTOL BAY ECONOMIC DEVELOPMENT CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELLE PIRZADEH, in her official capacity as Regional Administrator of the U.S. Environmental Protection Agency Region 10, *et al.*,<br><br>Defendants, | CASE NO. 3:19-CV-00265-SLG |

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)

|                                                                                                                                                             |                              |
| ----------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------------- |
| And                                                                                                                                                         |                              |
| STATE OF ALASKA,                                                                                                                                            |                              |
| Intervenor-Defendant.                                                                                                                                       |                              |
| SALMONSTATE, *et al.,*                                                                                                                                      | CASE NO. 3:19-CV-00267-SLG   |
| Plaintiffs,                                                                                                                                                 |                              |
| v.                                                                                                                                                          |                              |
| MICHELLE PIRZADEH, in her official capacity as Regional Administrator of the U.S. Environmental Protection Agency Region 10, *et al.*,                      |                              |
| Defendants.                                                                                                                                                 |                              |
| TROUT UNLIMITED,                                                                                                                                            | CASE NO. 3:19-CV-00268-SLG   |
| Plaintiffs,                                                                                                                                                 |                              |
| v.                                                                                                                                                          |                              |
| MICHELLE PIRZADEH, in her official capacity as Regional Administrator of the U.S. Environmental Protection Agency Region 10, *et al.*,                      |                              |
| Defendants.                                                                                                                                                 |                              |

# DEFENDANTS' MOTION FOR REMAND WITH VACATUR

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 2 of 20

# Table of Contents

Table of Authorities ................................................................................................................. ii

INTRODUCTION ....................................................................................................................1

BACKGROUND ......................................................................................................................1

ARGUMENT ............................................................................................................................6

    I. The Court Should Remand This Matter to EPA. ...............................................................6

    II. The Court Should Vacate EPA's Withdrawal Decision. ..................................................7

        A. The Error in EPA's Withdrawal Decision is Serious. .................................................9

        B. Any Disruptive Consequences From Vacatur Would be Minimal. ........................10

        C. Vacatur Would Not Result in Environmental Harm. ...............................................12

    CONCLUSION ....................................................................................................................13

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)     i

Case 3:19-cv-00265-SLG    Document 103    Filed 09/28/21    Page 3 of 20

## Table of Authorities

Cases

*All. for the Wild Rockies v. Savage*,

   375 F. Supp. 3d 1152 (D. Mont. 2019) ................................................................. 8, 9

*Boise Cascade Corp. v. EPA*,

   942 F.2d 1427 (9th Cir. 1991) .................................................................................. 6

*Cal. Cmtys. Against Toxics v. EPA*,

   688 F.3d 989 (9th Cir. 2012) ............................................................................ passim

*Chang v. United States*,

   327 F.3d 911 (9th Cir. 2003) .................................................................................... 6

*Covelo Indian Cmty. v. FERC*,

   895 F.2d 581 (9th Cir. 1990) .................................................................................... 6

*Ford Motor Co. v. NLRB*,

   305 U.S. 364 (1939) ................................................................................................. 6

*Idaho Farm Bureau Fed'n v. Babbitt*,

   58 F.3d 1392 (9th Cir. 1995) ................................................................................ 8, 9

*Loma Linda Univ. v. Schweiker*,

   705 F.2d 1123 (9th Cir. 1983) .................................................................................. 6

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,

   463 U.S. 29 (1983) ................................................................................................. 10

*Nat'l Ass'n of Home Builders v. Norton*,

   340 F.3d 835 (9th Cir. 2003) .................................................................................... 6

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                                                     ii

Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 4 of 20

*Nat'l Fam. Farm Coal. v. EPA*,

   960 F.3d 1120 (9th Cir. 2020) ............................................................................................... 10

*Nat. Res. Def. Counsil v. United States Dep't of Interior*,

   275 F. Supp. 2d 1136 (C.D. Cal. 2002) ..................................................................................... 7

*Pollinator Stewardship Council v. U.S. Env't. Prot. Agency*,

   806 F.3d 520 (9th Cir. 2015) ............................................................................................ passim

*Se. Alaska Conservation Council v. U.S. Forest Serv.*,

   468 F. Supp. 3d 1148 (D. Alaska 2020) .................................................................. 8, 9, 10, 12

*SKF USA Inc. v. United States*,

   254 F.3d 1022 (Fed. Cir. 2001) .................................................................................................. 7

*Trout Unlimited v. Pirzadeh*,

   1 F.4th 738 (9th Cir. 2021) ............................................................................................. 5, 7, 9

  Statutes

5 U.S.C. § 706(2) ............................................................................................................................ 8

33 U.S.C. § 1251(a) ....................................................................................................................... 1

33 U.S.C. § 1251(a)(2) .................................................................................................................. 1

33 U.S.C. § 1344(a) ....................................................................................................................... 1

33 U.S.C. § 1344(b) ....................................................................................................................... 2

33 U.S.C. § 1344(c) ............................................................................................................. 1, 2, 13

33 U.S.C. § 1344(e) ....................................................................................................................... 1

  Regulations

33 C.F.R. § 323.6(b) .................................................................................................................... 11

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                       iii

Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 5 of 20

33 C.F.R. § 331.9(b) .............................................................................................................11

33 C.F.R. § 331.10 ...............................................................................................................11

40 C.F.R. Pt. 231 ............................................................................................................ 2, 13

40 C.F.R. § 231.3 ........................................................................................................... 2, 11

40 C.F.R. § 231.3(a)(1) ..........................................................................................................2

40 C.F.R. § 231.3(a)(2) ........................................................................................................11

40 C.F.R. § 231.4 ........................................................................................................... 2, 11

40 C.F.R. § 231.5 ..................................................................................................................2

40 C.F.R. § 231.5(a) ............................................................................................................12

40 C.F.R. § 231.5(c) ..................................................................................................... 2, 3, 12

40 C.F.R. § 231.6 ..................................................................................................................3

Other Authorities

79 Fed. Reg. 42,314 ..............................................................................................................3

82 Fed. Reg. 33,123 ..............................................................................................................3

83 Fed. Reg. 8,668 ................................................................................................................4

84 Fed. Reg. 45,749 ..................................................................................................... 3, 4, 7, 9

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)　　　　　　　　　　　　　　　　　　　　　　　iv
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 6 of 20

# INTRODUCTION

This case involves challenges to the decision by the Regional Administrator for the United States Environmental Protection Agency ("EPA"), Region 10, to withdraw a Proposed Determination under Clean Water Act ("CWA" or "Act") section 404(c), 33 U.S.C. § 1344(c), regarding the Pebble deposit in the Bristol Bay region of Alaska. That agency action should be remanded with vacatur. EPA has acknowledged that, in making the withdrawal decision, it did not address the "unlikely to have an unacceptable adverse effect" standard that the Ninth Circuit subsequently held must be met when EPA withdraws a proposed determination. In light of the Ninth Circuit's decision, EPA's omission was serious and fundamental. In addition, the disruptive consequences that would result from vacatur, if any, would be minimal. Furthermore, vacatur would not be likely to result in environmental harm. Instead, vacatur may help *avoid* environmental harm.

# BACKGROUND

Congress passed the Clean Water Act in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Act sets several goals, including attainment and preservation of "water quality which provides for the protection and propagation of fish, shellfish, and wildlife . . . ." *Id.* § 1251(a)(2). Section 404 of the Act authorizes the U.S. Army Corps of Engineers ("Corps") to issue permits for discharges of dredged or fill material. 33 U.S.C. § 1344(a), (e). The Act also provides that the Corps' permitting authority under section 404 is subject to EPA's authority under section 404(c), which authorizes EPA to prohibit the specification of, or deny or restrict the

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                                                    1
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 7 of 20

use of, any defined area as a disposal site for dredged or fill material. 33 U.S.C. § 1344(b), (c).[1]

EPA's section 404(c) regulations establish a multi-step process for EPA to evaluate potential effects and determine whether to make a 404(c) final determination to prohibit, deny, or restrict disposal in a defined area. *See* 40 C.F.R. pt. 231. The first step in the process is that the EPA Regional Administrator ("RA") notifies the Corps' District Engineer, the owner of the site, and the permit applicant, if any, that she intends to issue a public notice of a proposed determination. 40 C.F.R. § 231.3(a)(1). If the RA proceeds to publish a proposed determination, then, after a process for public involvement, the RA must either withdraw the proposed determination or prepare a recommended determination to prohibit or restrict the area for specification. 40 C.F.R. § 231.3, 231.4, 231.5.

If the RA decides to withdraw the proposed determination, the EPA Administrator has the option to review the withdrawal. *Id.* § 231.5(c). If the Administrator decides against review, then the RA must publish a notice of the withdrawal, which "shall constitute final agency action." *Id.* § 231.5(c). On the other hand, if the RA decides not to withdraw the

---

[1] Section 404(c) provides in relevant part:

> The [EPA] Administrator is authorized to prohibit the specification (including the withdrawal of specification) of any defined area as a disposal site, and he is authorized to deny or restrict the use of any defined area for specification (including the withdrawal of specification) as a disposal site, whenever he determines, after notice and opportunity for public hearings, that the discharge of such materials into such area will have an *unacceptable adverse effect* on municipal water supplies, shellfish beds and fishery areas (including spawning and breeding areas), wildlife, or recreational areas. . . .

33 U.S.C. § 1344(c) (emphasis added).

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 2
Case 3:19-cv-00265-SLG  Document 103  Filed 09/28/21  Page 8 of 20

proposed determination and instead prepares a "recommended determination," she must promptly forward the recommended determination to EPA Headquarters for review. *Id.* § 231.5(c). After engaging in required consultation, EPA Headquarters must then make a final decision affirming, modifying, or rescinding the RA's recommended determination, and publish notice of that decision. *Id.* § 231.6.

In this matter, EPA Region 10 initiated the CWA section 404(c) process in 2014, before Pebble Limited Partnership ("PLP") submitted a section 404 permit application. *See* Proposed Determination to Restrict the Use of an Area as a Disposal Site; Pebble Deposit Area, Southwest Alaska, 79 Fed. Reg. 42,314, 42,315-18 (July 21, 2014). EPA published the Proposed Determination in July of that year. *Id.* at 42,314. After PLP filed a lawsuit challenging EPA's section 404(c) process under the Federal Advisory Committee Act, EPA and PLP entered into a settlement in 2017 in which EPA agreed, *inter alia*, to "initiate a process to propose to withdraw the Proposed Determination." Notification of Decision to Withdraw Proposed Determination to Restrict the Use of an Area and a Disposal Site; Pebble Deposit Area, Southwest Alaska, 84 Fed. Reg. 45,749, 45,750 (Aug. 30, 2019). In July 2017, EPA Region 10 proposed to withdraw the Proposed Determination. *Id.* at 45,750; *see* Proposal to Withdraw Proposed Determination to Restrict the Use of an Area as a Disposal Site; Pebble Deposit Area, Southwest Alaska, 82 Fed. Reg. 33,123 (July 19, 2017).

In December 2017, PLP submitted a CWA section 404 permit application to the Corps. 84 Fed. Reg. at 45,750. The next month, EPA Region 10 issued a notice that announced a "suspension" of the proceeding to withdraw the Proposed Determination. *Id.*; *see* Notification of Decision Not to Withdraw Proposed Determination to Restrict the Use of

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 3
Case 3:19-cv-00265-SLG Document 103 Filed 09/28/21 Page 9 of 20

an Area as a Disposal Site; Pebble Deposit Area, Southwest Alaska, 83 Fed. Reg. 8,668 (Feb. 28, 2018). In August 2019, however, EPA ended that suspension and withdrew the Proposed Determination. 84 Fed. Reg. 45,749. In the notice accompanying its action, EPA stated that it was not "basing its decision-making on technical consideration or judgments about whether the mine proposal will ultimately . . . result[] in 'unacceptable adverse effects' under CWA section 404(c)." *Id.* at 45,756.

Plaintiffs filed these cases challenging the withdrawal decision in October 2019, and this Court consolidated the cases shortly thereafter. *See* ECF 13. On December 10, 2019, we moved to dismiss the cases. ECF 36. We argued that the withdrawal decision was "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2). *Id* at 21-25. In support of that position, we argued that there was "no law to apply," and specifically maintained that the "unacceptable adverse effect" language in section 404(c) and EPA's regulations did not apply to that decision. *See*, *e.g.*, *id.* at 26-31; ECF 42 at 5-10. In the motion, we expressly acknowledged that EPA Region 10's notice of withdrawing the Proposed Determination stated that the Agency was not basing its decision on technical judgments about whether the mine proposal addressed in the Proposed Determination would result in an "unacceptable adverse effect." ECF 36. at 14-15; *see* 84 Fed. Reg. at 45,756. On March 20, 2020, we filed our merits brief in this matter. ECF 64. In that brief, we again acknowledged that, in making the challenged withdrawal decision, EPA Region 10 had not made any judgments about whether the mine proposal would result in an "unacceptable adverse effect." *Id.* at 11.

On April 17, 2020, this Court granted our motion to dismiss and entered final judgment dismissing the matter. ECF Nos. 75, 76. On May 29, 2020, Trout Unlimited filed a notice

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                                           4
Case 3:19-cv-00265-SLG    Document 103    Filed 09/28/21    Page 10 of 20

of appeal. ECF 77. While that appeal was pending, the Corps denied PLP's application for a section 404 permit. *See* Correspondence, *Trout Unlimited v. Pirzadeh*, No. 20-35504 (9th Cir. Nov. 27, 2020), Dkt. 32 ("Ninth Circuit Dkt. 32"). PLP filed an administrative appeal, and the Corps has stated that it anticipates that the appeal will be decided after this calendar year. *See* https://www.pod.usace.army.mil/Media/News-Releases/Article/2637978/usace-pod-receives-pebble-mine-appeal-administrative-record/ (last visited September 28, 2021).

On June 17, 2021, the Ninth Circuit affirmed in part and reversed in part. The Ninth Circuit rejected our argument that there was "no law to apply" under EPA's regulations. The Ninth Circuit specified that, under those regulations, the Regional Administrator may "withdraw a proposed determination *only* if the discharge of materials would be unlikely to have an unacceptable adverse effect." *Trout Unlimited v. Pirzadeh*, 1 F.4th 738, 757 (9th Cir. 2021) (emphasis in original). The Ninth Circuit remanded the matter for further proceedings to determine whether EPA's withdrawal of its Proposed Determination was "arbitrary, capricious, an abuse of discretion, or contrary to law, 5 U.S.C. § 706(2)(A)." *Id.* at 744.

On August 12, 2021, this Court issued an Order that required the parties to "file a joint proposal or separate proposals as to the scheduling of further briefing and/or proceedings in this matter." ECF 83 at 2. On September 9, 2021, we filed the Joint Proposal for Further Proceedings. ECF 95. In the Joint Proposal, we notified this Court that we planned to file a motion for remand with vacatur because, *inter alia*, EPA has acknowledged that it did not address the standard that the Ninth Circuit subsequently determined must be met for

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                                                                       5
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 11 of 20

withdrawals of proposed determinations. *Id.* at 3-4. Later that day, this Court established the briefing schedule set forth in the Joint Proposal. ECF 97.

## ARGUMENT

I. <u>The Court Should Remand This Matter to EPA</u>.

"A federal agency may request remand in order to reconsider its initial action." *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (per curiam). A court's authority to remand a decision without judicial consideration is vested in its equitable powers. *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939); *see also Loma Linda Univ. v. Schweiker*, 705 F.2d 1123, 1127 (9th Cir. 1983) (reviewing court has inherent power to remand a matter to an administrative agency). This Court possesses ample discretion to grant a voluntary remand, and voluntary remands to allow for reconsideration or revision of challenged agency action are common in the Ninth Circuit. *See, e.g., Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 840 (9th Cir. 2003) (discussing district court's granting of motion for voluntary remand); *Chang v. United States*, 327 F.3d 911, 918 n.4 (9th Cir. 2003) (discussing proposal for INS to take a voluntary remand); *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1431 (9th Cir. 1991) (Ninth Circuit granted EPA's motion for a voluntary remand); *Covelo Indian Cmty. v. FERC*, 895 F.2d 581, 584 (9th Cir. 1990) (Ninth Circuit granted FERC a voluntary remand).

Courts generally grant a request for remand unless "the agency's request is frivolous or made in bad faith." *Cal. Cmtys. Against Toxics*, 688 F.3d at 992. Here, EPA's request for remand has merit and is made in good faith. As discussed above, EPA acknowledged in the withdrawal notice and in two separate briefs before this Court that EPA did not base its

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 6
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 12 of 20

withdrawal decision on whether the discharges addressed in the Proposed Determination were likely to have an "unacceptable adverse effect." ECF 64 at 11; ECF 36 at 14-15; *see* 84 Fed. Reg. at 45,756. The Ninth Circuit's subsequent decision then clarified that, under EPA's regulations, the Regional Administrator may "withdraw a proposed determination *only* if the discharge of materials would be unlikely to have an unacceptable adverse effect." *Trout Unlimited*, 1 F.4th at 757. In the Joint Proposal, EPA again acknowledged that it did not address the "unlikely to have an unacceptable adverse effect" standard that the Ninth Circuit subsequently determined must be met for withdrawal of a proposed determination. ECF 95 at 3-4. EPA has been forthcoming and has acknowledged throughout these proceedings that its withdrawal decision did not address the relevant standard. Accordingly, there is no indication that EPA's request is frivolous or made in bad faith, and remand is appropriate so that EPA may reconsider its initial action. *See Cal. Cmtys. Against Toxics*, 688 F.3d at 992.[2]

II. The Court Should Vacate EPA's Withdrawal Decision.

In the Ninth Circuit, vacatur is the presumptive remedy for agency actions that are faulty or invalid on the merits, and remands without vacatur are reserved for "limited

---

[2] Furthermore, because EPA failed to address the standard that applies to the withdrawal decision, EPA has identified "substantial and legitimate" concerns with the challenged action. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("[I]f the agency's concern [with the challenged action] is substantial and legitimate, a remand is usually appropriate."). For similar reasons, remand would support judicial economy because continuing to brief the merits and requiring this Court to make a decision would be a waste of the parties' and this Court's resources. *See Nat. Res. Def. Council v. United States Dep't of Interior*, 275 F. Supp. 2d 1136, 1141 (C.D. Cal. 2002). Likewise, remand will not prejudice any party because it is the appropriate next step given EPA's fundamental error in not basing its withdrawal decision on the standard that the Ninth Circuit identified. Of course, any party aggrieved by any final agency action EPA takes after remand will have the opportunity to challenge it.

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 7
Case 3:19-cv-00265-SLG Document 103 Filed 09/28/21 Page 13 of 20

circumstances." *Pollinator Stewardship Council v. U.S. Env't. Prot. Agency*, 806 F.3d 520, 532 (9th Cir. 2015) (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 994); *see also* 5 U.S.C. § 706(2) (authorizing courts to "set aside" agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law). Specifically, remands without vacatur are appropriate only "when equity demands." *Pollinator Stewardship Council*, 806 F.3d at 532 (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405 (9th Cir. 1995)); *see also Se. Alaska Conservation Council v. U.S. Forest Serv.*, 468 F. Supp. 3d 1148, 1149-50 (D. Alaska 2020).

In determining whether vacatur is appropriate, courts must "weigh the gravity of the errors committed by the agency against the disruption that vacatur would cause." *Se. Alaska Conservation Council*, 468 F. Supp. at 1151; *see also Cal. Cmtys. Against Toxics*, 688 F.3d at 992 ("Whether agency action should be vacated depends on how serious the agency's errors are and the disruptive consequences of an interim change that may itself be changed.") (internal quotation marks omitted); *All. for the Wild Rockies v. Savage*, 375 F. Supp. 3d 1152, 1155-56 (D. Mont. 2019) (courts "must weigh the seriousness of the agency's errors against the disruptive consequences of vacatur") (internal quotations and citation omitted). "Put differently, courts may decline to vacate agency decisions when vacatur would cause serious and irremediable harms that significantly outweigh the magnitude of the agency's error." *Se. Alaska Conservation Council*, 468 F. Supp. 3d at 1150 (internal quotation marks omitted).

When deciding whether to vacate EPA actions, the Ninth Circuit "consider[s] whether vacating a faulty [action] could result in possible environmental harm." *Pollinator Stewardship Council*, 806 F.3d at 532. Both the Ninth Circuit and this Court have focused on the

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 8
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 14 of 20

environmental effects of vacatur when making vacatur decisions. In *California Communities Against Toxics*, the Ninth Circuit remanded the agency action without vacatur, in part because vacatur was likely to delay construction of a power plant, which would have *increased* air pollution because customers would use more polluting diesel generators in the event of blackouts. 688 F.3d at 993-94. Similarly, in *Idaho Farm Bureau Fed'n v. Babbitt*, the Ninth Circuit did not vacate the agency's decision, even though the agency's error was significant, because vacatur could have wiped out a species of snail. 58 F.3d at 1405. In contrast, in *Pollinator Stewardship Council*, the Ninth Circuit vacated EPA's action where leaving the action in place risked more potential environmental harm than vacating it. 806 F.3d at 532-33. In addition, this Court vacated portions of an Environmental Impact Statement, in addition to the related portions of the associated Record of Decision, because the serious errors in the EIS and the decision outweighed the economic harm caused by partial vacatur. *Se. Alaska Conservation Council*, 468 F. Supp. 3d at 1155.

A. The Error in EPA's Withdrawal Decision is Serious.

The seriousness of the error here is evident. On appeal, the Ninth Circuit held that EPA's regulations limit the Regional Administrator's discretion to withdraw a proposed determination to situations in which "the discharge of materials would be unlikely to have an unacceptable adverse effect." *Trout Unlimited,* 1 F.4th at 757. In EPA's notice of the withdrawal, in two briefs filed with this Court, and in the Joint Proposal, EPA acknowledged that it did not address that standard. ECF Nos. 95 at 3-4; 64 at 11; 36 at 14-15; *see* 84 Fed. Reg. at 45,756. EPA's omission was not "limited in scope [or] severity." *All. for the Wild Rockies*, 375 F. Supp. 3d at 1156. Instead, EPA failed entirely to address the standard that

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 9
Case 3:19-cv-00265-SLG Document 103 Filed 09/28/21 Page 15 of 20

governs the challenged action here. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (agency action is arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706, if the agency relied on factors that it should not have considered or "entirely failed to consider an important aspect of the problem"). EPA's omission was fundamental and "make[s] it unlikely that the same [decision] would be adopted on remand." *Pollinator Stewardship Council*, 806 F.3d at 532; s*ee also Nat'l Fam. Farm Coal. v. EPA*, 960 F.3d 1120, 1144–45 (9th Cir. 2020) (ordering vacatur despite disruptive consequences where the agency action was characterized by "fundamental flaws"). EPA's serious, indisputable error "strongly weigh[s] in favor [of] vacatur." *Se. Alaska Conservation Council*, 468 F. Supp. 3d at 1152; *see also Pollinator Stewardship Council*, 806 F.3d at 532 (vacating agency action in part because "on remand, a different result may be reached").

B.  <u>Any Disruptive Consequences From Vacatur Would be Minimal</u>.

In this case, the bar for establishing disruptive consequences sufficient to deny EPA's request for vacatur is exceedingly high. Even a showing of serious disruptions would not necessarily be a sufficient basis for leaving the withdrawal decision intact. *See, e.g.*, *Nat'l Family Farm Coal.* 960 F.3d at 1144–45 (vacating agency action because of significant legal errors underlying the decision even though doing so would result in substantial economic consequences for farmers); *Se. Alaska Conservation Council*, 468 F. Supp. 3d at 1155 (ordering vacatur even though it would cause economic harm to the timber industry because the harm was "not so disruptive and irremediable so as to cause the Court to depart from the APA's normal remedy of vacatur"). Here, any disruptive consequences would be minimal and would not rise to the level required by the Ninth Circuit and this Court.

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)　　　　　　　　　　　　　　　　　　　　　　　　　　10
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 16 of 20

For section 404 permitting purposes, the primary consequence of vacating the withdrawal (and thereby leaving the Proposed Determination intact) would be to prevent the Corps from issuing a permit for the project at a site within the area subject to the Proposed Determination. Under EPA's and the Corps' regulations, during the pendency of a section 404(c) proceeding, the Corps may continue to *process* a section 404 permit application but the Corps may not *issue* the permit. 40 C.F.R. § 231.3(a)(2); 33 C.F.R. § 323.6(b). Allowing the Corps to process but not issue a permit while EPA works through its section 404(c) proceeding would not be a significant disruption even in normal circumstances. Here, preventing the Corps from issuing the permit would not cause *any* real disruption because the Corps already has *denied* PLP's CWA section 404 permit application. *See* Ninth Circuit Dkt. 32. Furthermore, the Corps could continue to address PLP's appeal of that denial. Indeed, the Corps could even render a final decision on Pebble's appeal by, for example, denying the appeal or determining that the Corps should engage in additional processing and evaluation of the permit application. *See* 33 C.F.R. §§ 331.9(b), 331.10. Accordingly, vacating the withdrawal may not disrupt the section 404 permitting process at all and, even if there were any such disruption, it would be minimal.

Vacating the withdrawal also would cause minimal, if any, economic harm. As discussed immediately above, the Corps already denied PLP's permit application. Vacatur of EPA's withdrawal decision simply would revert EPA to the status quo ante, which is an early stage in EPA's section 404(c) process. *See* 40 C.F.R. §§ 231.3, 231.4. In addition, vacatur of EPA's withdrawal decision would not result in broad economic consequences to workers or the public. This case does not involve an ongoing project that supplies a large number of

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 11
Case 3:19-cv-00265-SLG Document 103 Filed 09/28/21 Page 17 of 20

jobs. *Cf. Cal. Cmtys. Against Toxics*, 688 F.3d at 993-94. Construction of the Pebble Mine project has not even begun, and construction or operation—if it ever takes place—would not occur for a number of years. In addition to a CWA section 404 permit, PLP would need to acquire a number of additional federal, state and local permits. Appellees' Suppl. Excerpts of R. at S.E.R. 1, 10-21, 24, *Trout Unlimited v. Pirzadeh*, No. 20-35504 (9th Cir. July 22, 2020), Dkt. 21. The State of Alaska has estimated that its separate permitting process alone "would take several years." *Id.* at S.E.R. 26.

In sum, this case simply does not involve the sort of economic harm that the Ninth Circuit and this Court has required to deny vacatur. *Compare Cal. Cmtys. Against Toxics*, 688 F.3d at 992-95 (interrupting construction of a power plant due to vacatur would have been "economically disastrous" because the plant was "a billion-dollar venture employing 350 workers") *with Se. Alaska Conservation Council*, 468 F. Supp. 3d at 1155 (ordering vacatur despite acknowledging that timber industry would suffer economic harm).

Because both the regulatory and the economic effects of vacatur are speculative or non-existent, these factors also weigh heavily in favor of vacatur.

C. Vacatur Would Not Result in Environmental Harm.

This is not a case in which "vacating a faulty [decision] could result in possible environmental harm." *Pollinator Stewardship Council*, 806 F.3d at 532. As discussed above, the immediate consequence of vacatur would be to revert to the CWA section 404(c) process that the withdrawal terminated. *See* 40 C.F.R. § 231.5(a), (c). EPA's section 404(c) process is designed to *avoid* potential environmental harm. Section 404(c) authorizes EPA to prohibit the specification of, or deny or restrict the use of, any defined area as a disposal site for

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)                                    12
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 18 of 20

dredged or fill material to avoid certain unacceptable environmental effects. 33 U.S.C. § 1344(c); *see* 40 C.F.R. pt. 231. Accordingly, vacating the withdrawal and reverting to EPA's section 404(c) process may avoid such harm but vacatur will *not result in it*. This factor also counsels heavily in favor of vacatur.

## CONCLUSION

Remand is appropriate here, and EPA's serious, fundamental omission in the withdrawal decision significantly outweighs any potential, minimal disruption or harm that might be caused by vacatur. Accordingly, for the reasons stated above, this Court should grant EPA's motion and vacate and remand the withdrawal decision.

Respectfully submitted this 28th day of September 2021.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

BRYAN WILSON
Acting United States Attorney
District of Alaska

/s/ Mark A. Nitczynski
MARK A. NITCZYNSKI
United States Department of Justice - ENRD
Environmental Defense Section
999 18th Street; South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1498; Fax: (303) 844-1350
Email: mark.nitczynski@usdoj.gov

BRIAN UHOLIK
United States Department of Justice - ENRD
Environmental Defense Section
4 Constitution Square

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated)  13
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 19 of 20

150 M Street, N.E.
EDS/4th Floor
Washington, D.C. 20002
Phone: (202) 305-0733; Fax: (202) 514-8865
Email: brian.uholik@usdoj.gov

Attorneys for Defendants

Bristol Bay Econ. Dev. Corp. v. Pirzadeh,
3:19-cv-00265-SLG (consolidated) 14
Case 3:19-cv-00265-SLG   Document 103   Filed 09/28/21   Page 20 of 20